UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07  CV  11174

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
LUCIO MENDEZ,                                   :
                                                :       ECF Case
                         Plaintiff,             :       Docket Number 07 CV _____
                                                :
                  -against-                     :
                                                :        COMPLAINT
NOOCH, INC.; RED DOT COM, INC. d/b/a/           :
Tangerine Restaurant and Café; and SUAN LAY     :       JURY TRIAL DEMANDED
ONG, a.k.a. Janice Ong,                         :
                                                :
                         Defendants.            :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

Plaintiff Lucio Mendez ("Plaintiff"), by his attorneys Make the Road New York, Inc.,
alleges as follows:

## NATURE OF THE ACTION

1.    This is an action to recover unpaid wages, damages, and interest due Plaintiff by
Defendants. For approximately five years, Plaintiff was drastically underpaid for his work as a
janitor and dishwasher in restaurants owned and managed by Defendants.

2.    Plaintiff worked between 74 to 111 hours per week, for a wage that ranged from $2.70 to
$5.40 per hour. Not once during his employment did Plaintiff receive overtime pay when he
worked more than 40 hours per week, as required by federal and state law.  Plaintiff was also
systematically denied the daily spread-of-hours supplement mandated by New York State Labor
Law on the days he worked more than 10 hours.  For several weeks during his employment,
Plaintiff was not paid at all.

3.    Plaintiff, by his attorneys, seeks his unpaid wages, liquidated damages, interest, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*., and New York Labor Law, Article 6, 190 *et seq*., and Article 19, 650 *et seq*.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's claims under FLSA pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).  The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

5.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. 216(b).  His written consent is attached hereto and incorporated by reference.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391 as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

7.    Plaintiff Lucio Mendez is an adult individual currently residing in New York City, in the County of Queens.

8.    Upon information and belief, Defendant Suan Lay Ong, a/k/a Janice Ong ("Defendant Ong"), is an adult individual currently residing in New York City, in the county of New York.

9.    Upon information and belief, Defendant Red Dot Com, Inc., is a foreign business corporation, organized under the laws of Delaware, with its principal New York office located at 200 E. 89th St., Suite 44-S, New York, New York 10128.

10.    Upon information and belief, Defendant Red Dot Com, Inc. operated under the trade name "Tangerine Restaurant and Café" ("Tangerine Restaurant").

11.    Upon information and belief, Nooch, Inc. ("Nooch Restaurant") is a domestic business corporation, organized under the laws of New York, with its principal place of business located at 143 Eighth Avenue, New York, NY 10011.

## STATEMENT OF FACTS
### *WAGE AND HOUR VIOLATIONS*

12.    Plaintiff was hired to perform janitorial and dishwashing services at Tangerine Restaurant soon after it opened in or around May 2001.

13.    Plaintiff was informed that he would be paid a wage of $250 per week, regardless of the hours he worked.

14.    Approximately one month after Plaintiff began work, his pay was raised to $400 per week.

15.    Upon information and belief, the agent who hired Plaintiff acted on the authority and at the behest of Defendant Ong and Defendant Red Dot Com, Inc.

16.    With the exception discussed *infra* at Paragraphs 24 through 31, Plaintiff continued to be paid at the rate of $400 per week for the duration of his employment, regardless of the hours he worked.

17.    Throughout his employment at Tangerine Restaurant, Plaintiff worked approximately 74 hours per week.

18.    This resulted in an effective hourly wage ranging from approximately $3.37 - $5.40 per hour without any overtime premium.

19.    Plaintiff never received overtime premium pay for hours exceeding 40 in a given week at Tangerine Restaurant.

20.    Plaintiff routinely worked more than 10 hours in a day at Tangerine Restaurant.

21.     Defendants never paid Plaintiff spread of hours pay, or an extra hour of pay at the minimum wage rate, for those days when Plaintiff worked more than 10 hours in a day.

22.     Plaintiff never received tips for his work at Tangerine Restaurant.

23.     Plaintiff never received a 30-minute lunch break during his employment at Tangerine Restaurant.

24.     From approximately mid-May 2003 through the end of his employment at Tangerine Restaurant in July 2004, a period of approximately 61 weeks, Defendants paid Plaintiff different amounts each week.

25.     During this period, Plaintiff's weekly pay dropped as low as $200 per week.

26.     Many weeks during this period, Plaintiff was not paid at all.

27.     During this period, Plaintiff continued to work approximately 74 hours per week.

28.     During this period, Plaintiff's effective hourly rate of pay dropped as low as $2.70 per hour without any overtime premium.

29.     On approximately four occasions during this period, Defendants supplemented Plaintiff's pay to compensate for several weeks of non-payment.

30.     When this happened, Plaintiff's weekly pay was $600 - $800.

31.     On average, Plaintiff's weekly pay during this period was approximately $288.50 per week.

32.     In or around April 2004, Defendant Ong informed Plaintiff that Tangerine Restaurant was going out of business.

33.     Plaintiff ceased working at Tangerine Restaurant when he and his co-workers arrived at work one morning in approximately July 2004 to find that the restaurant was closed.

34.    In or around September 2004, Defendant Ong personally asked Plaintiff to come to work for her new business, Nooch Restaurant.

35.    For two days in approximately September 2004, Plaintiff performed janitorial work to prepare Nooch Restaurant for its opening.

36.    Aside from $10 he was given by a kitchen worker, Plaintiff received no compensation at all for these eight hours of work.

37.    In or around September 2004, when Nooch Restaurant opened for business, Plaintiff was hired to perform janitorial, dishwashing, and bus boy services at Nooch Restaurant.

38.    Upon information and belief, the agent who hired Plaintiff acted on the authority and at the behest of Defendant Ong and Defendant Nooch, Inc.

39.    Upon information and belief, several of Tangerine Restaurant's former employees were employed at Nooch Restaurant.

40.    Defendants paid Plaintiff $400 per week for his work at Nooch Restaurant, regardless of the hours worked by Plaintiff.

41.    Plaintiff routinely worked between 92 and 111 hours per week at Nooch Restaurant.

42.    This resulted in an effective hourly wage ranging from approximately $3.60 - $4.35 per hour without any overtime premium.

43.    Plaintiff never received overtime premium pay for hours exceeding 40 in a given week at Nooch Restaurant.

44.    Plaintiff routinely worked more than 10 hours in a day at Nooch Restaurant.

45.    Defendants never paid Plaintiff spread of hours pay, or an extra hour of pay at the minimum wage rate, for those days when Plaintiff worked more than 10 hours in a day.

46.    Plaintiff never received tips for his work at Nooch Restaurant.

47.    Plaintiff never received a 30-minute lunch break during his employment at Nooch Restaurant.

48.    Plaintiff left his employment Nooch Restaurant on or about March 20, 2005.

49.    Upon information and belief, during the time that Plaintiff was employed by Defendants at Tangerine Restaurant and Nooch Restaurant, Defendants did not maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one and one-half their regular rate, as required under both the FLSA and New York Labor Law.

50.    Upon information and belief, during the time that Plaintiff was employed by Defendants, Defendants did not maintain in the workplace a display containing a copy of New York Labor Law §§ 193, 196-d and any accompanying regulations as required by the New York Labor Law.

51.    On information and belief, during the relevant time periods Defendant Ong functioned as owner and controlling manager of Tangerine Restaurant and of Nooch Restaurant.

52.    On information and belief, Defendant Ong and/or her agents had control over Plaintiff's wages, hours, and working conditions at Tangerine Restaurant and at Nooch Restaurant.

53.    On information and belief, Defendant Ong and/or her agents had control over employee schedules and wage rates at Tangerine Restaurant and at Nooch Restaurant.

54.    On information and belief, employment records at Tangerine Restaurant and at Nooch Restaurant were maintained by Defendant Ong and/or her agents.

55.    Although Defendant Ong delegated some supervisory tasks to managers, she retained ultimate decisionmaking authority over all wages, hours, and working conditions at Tangerine Restaurant and at Nooch Restaurant.

56.    Upon information and belief, Defendant Red Dot Com, Inc. is a for-profit enterprise which engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

57.    Upon information and belief, Nooch, Inc. is a for-profit enterprise which engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

58.    By prior counsel, Plaintiff brought suit for unpaid wages in the Southern District of New York against Nooch, Inc. (Case No. 06 CV 867).

59.    The parties agreed to settle that claim for $9000, a sum which included attorneys' fees.

60.    The settlement amount did not include liquidated damages, as mandated by 26 U.S.C. § 216.

61.    The agreement entered into by the parties was not a judicially-approved stipulated settlement.

62.    Plaintiff has not legally waived of his claim for unpaid wages or overtime under the FLSA.

**FIRST CAUSE OF ACTION**
*Federal Minimum Wage Violations*

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    At all times relevant herein, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. 203.

65.    At all times relevant herein, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. 203.

66.    At all times relevant herein, Defendants required, suffered, or permitted Plaintiff to work.

67.    At all times relevant herein, Defendants were engaged in commerce within the meaning of 29 U.S.C. 203.

68.    At all times relevant herein, Plaintiff was employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. 203.

69.    Defendants willfully failed to pay Plaintiff the federal minimum wage for the hours he worked, in violation of 29 U.S.C. 207.

70.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216.

## SECOND CAUSE OF ACTION
*Federal Overtime Violations*

71.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.    Defendants willfully failed to pay Plaintiff the appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as required under the Fair Labor Standards Act, 29 U.S.C. 207 (a)(1).

73.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216.

## THIRD CAUSE OF ACTION
*New York State Minimum Wage Violations*

74.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.    At all times relevant herein, Defendants were Plaintiff's employers within the meaning of New York Lab. L. 2 and 651.

76.    At all times relevant herein, Plaintiff was Defendants' employee within the meaning of New York Lab. L. 2 and 651.

77.    Defendants willfully failed to pay Plaintiff the New York State minimum wage for all hours he worked, in violation of New York Lab. L. 652;

78.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 663.

## FOURTH CAUSE OF ACTION
### *New York State Overtime Violations*

79.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. L. 650 et seq.; 12 NYCRR 142-2.2.

81.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Lab. L. 663.

## FIFTH CAUSE OF ACTION
### *New York State Payment of Wage Violations*

82.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.    At all times relevant herein, Plaintiff was a "clerical or other worker" employed by Defendants, as defined in New York Lab. L. 190.

84.    Defendants willfully failed to pay Plaintiff as required under New York Lab. L. 191.

85.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid wages, damages for unreasonably delayed payment of wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 198.

### SIXTH CAUSE OF ACTION
*New York State Spread of Hours Pay*

86.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.    Plaintiff routinely worked more than 10 hours a day.

88.    Defendants willfully failed to pay Plaintiff an extra hour of pay at the basic minimum rate for each day Plaintiff worked more than 10 hours ("spread of hours pay"), in violation of New York Lab. L. 650 et. seq.; 12 NYCRR 142-2.4.

89.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid spread-of-hours pay, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 663.

### SEVENTH CAUSE OF ACTION
*Quantum Meruit*

90.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.    Plaintiff conferred the benefit of his labor to Defendants in good faith and with the expectation of just payment. Defendants accepted the benefit of Plaintiff's work but deliberately failed to compensate him fairly.

92.    Defendants were unjustly enriched by their deliberate and intentional exploitation of Plaintiff's labor.

93.    As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in amounts to be proven at trial.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

i.    Declare Defendants' conduct to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Minimum Wage Act;

ii.    Award Plaintiff minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime pay, pursuant to 29 U.S.C. 216;

iii.    Award Plaintiff unpaid minimum wages and an additional 25% as liquidated damages, pursuant to New York Lab. L. 663(1);

iv.    Award Plaintiff unpaid overtime and spread-of-hours compensation, pursuant to the New York Minimum Wage Act regulations, and an additional 25% as liquidated damages, pursuant to New York Lab. L. 663(1);

v.   Award Plaintiff amounts to be proven at trial for his unpaid wages, damages for

unreasonably delayed payment of wages, and an additional 25% as liquidated damages,

pursuant to New York Lab. L. 198.

vi.   Award Plaintiff an amount to be proven at trial for Defendants' unjust enrichment from

Plaintiff's labor;

vii.   Award Plaintiff prejudgment interest; and

viii.   Award Plaintiff the costs of this action together with reasonable attorneys' fees and such

other and further relief as this court deems necessary and proper.

DATED this 12th day of December, 2007.

MAKE THE ROAD NEW YORK, INC.
By: Amy Carroll (AC 5640)
301 Grove Street
Brooklyn, NY 11237
Phone: 718-418-7690
Fax: 718-418-9635

## **AUTHORIZATION PURSUANT TO 29 U.S.C. §216(b)**

I, LUCIO MENDEZ, hereby consent to be a plaintiff in this lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: December 3, 2007

_____
LUCIO MENDEZ