UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
LUCIO MENDEZ,                                               :
                                                            :        ECF Case
                              Plaintiff,                    :        Docket Number 07 CV 11174 (LLS)
                                                            :
              -against-                                     :
                                                            :        **NOTICE OF MOTION FOR ENTRY**
NOOCH, INC.; RED DOT COM, INC. d/b/a/                       :        **OF DEFAULT JUDGMENT AND**
Tangerine Restaurant and Café; and SUAN LAY                 :        **AWARD OF DAMAGES AS TO**
ONG, a.k.a. Janice Ong,                                     :        **DEFENDANTS NOOCH, INC. AND**
                                                            :        **RED DOT COM, INC.**
                              Defendants.                   :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Pursuant to pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Lucio Mendez

hereby moves this Court to enter a Default Judgment and an award of damages in the above-

captioned action.

        This Motion is supported by copies of the summons and complaint, Plaintiff's affidavit,

the declarations of Plaintiff's attorneys, Plaintiff's Statement of Damages, a Clerk's Certificate,

and a Memorandum of Law in Support of Plaintiff's Motion and accompanying Exhibits.  As

indicated by the attached Affirmation of Service, this Motion has been served on all defaulting

parties to this action.


Dated: Brooklyn, New York
       May 27, 2007


                                        Respectfully Submitted,

                                        MAKE THE ROAD NEW YORK, INC.
                                        Attorneys for Plaintiffs
                                        301 Grove Street
                                        Brooklyn, New York 11237
                                        (718) 418-7690 x 224


                                        _____
                                        By: Elizabeth Wagoner (EW 2101)

Exhibit A
Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 11174

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

LUCIO MENDEZ,                     :

                Plaintiff,      :    ECF Case

                              :    Docket Number 07 CV _____

          -against-         :

NOOCH, INC.; RED DOT COM, INC. d/b/a/   :        **COMPLAINT**

Tangerine Restaurant and Café; and SUAN LAY   :

ONG, a.k.a. Janice Ong,           :    **JURY TRIAL DEMANDED**

                              :

            Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         Plaintiff Lucio Mendez ("Plaintiff"), by his attorneys Make the Road New York, Inc.,

alleges as follows:

## NATURE OF THE ACTION

    1.    This is an action to recover unpaid wages, damages, and interest due Plaintiff by

Defendants. For approximately five years, Plaintiff was drastically underpaid for his work as a

janitor and dishwasher in restaurants owned and managed by Defendants.

    2.    Plaintiff worked between 74 to 111 hours per week, for a wage that ranged from $2.70 to

$5.40 per hour. Not once during his employment did Plaintiff receive overtime pay when he

worked more than 40 hours per week, as required by federal and state law.  Plaintiff was also

systematically denied the daily spread-of-hours supplement mandated by New York State Labor

Law on the days he worked more than 10 hours.  For several weeks during his employment,

Plaintiff was not paid at all.

3.    Plaintiff, by his attorneys, seeks his unpaid wages, liquidated damages, interest, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*., and New York Labor Law, Article 6, 190 *et seq*., and Article 19, 650 *et seq*.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's claims under FLSA pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).  The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

5.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. 216(b).  His written consent is attached hereto and incorporated by reference.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391 as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

7.    Plaintiff Lucio Mendez is an adult individual currently residing in New York City, in the County of Queens.

8.    Upon information and belief, Defendant Suan Lay Ong, a/k/a Janice Ong ("Defendant Ong"), is an adult individual currently residing in New York City, in the county of New York.

9.    Upon information and belief, Defendant Red Dot. Com, Inc., is a foreign business corporation, organized under the laws of Delaware, with its principal New York office located at 200 E. 89th St., Suite 44-S, New York, New York 10128.

10.    Upon information and belief, Defendant Red Dot Com, Inc. operated under the trade name "Tangerine Restaurant and Café" ("Tangerine Restaurant").

11.   Upon information and belief, Nooch, Inc. ("Nooch Restaurant") is a domestic business corporation, organized under the laws of New York, with its principal place of business located at 143 Eighth Avenue, New York, NY 10011.

### STATEMENT OF FACTS
### *WAGE AND HOUR VIOLATIONS*

12.   Plaintiff was hired to perform janitorial and dishwashing services at Tangerine Restaurant soon after it opened in or around May 2001.

13.   Plaintiff was informed that he would be paid a wage of $250 per week, regardless of the hours he worked.

14.   Approximately one month after Plaintiff began work, his pay was raised to $400 per week.

15.   Upon information and belief, the agent who hired Plaintiff acted on the authority and at the behest of Defendant Ong and Defendant Red Dot Com, Inc.

16.   With the exception discussed *infra* at Paragraphs 24 through 31, Plaintiff continued to be paid at the rate of $400 per week for the duration of his employment, regardless of the hours he worked.

17.   Throughout his employment at Tangerine Restaurant, Plaintiff worked approximately 74 hours per week.

18.   This resulted in an effective hourly wage ranging from approximately $3.37 - $5.40 per hour without any overtime premium.

19.   Plaintiff never received overtime premium pay for hours exceeding 40 in a given week at Tangerine Restaurant.

20.   Plaintiff routinely worked more than 10 hours in a day at Tangerine Restaurant.

21.    Defendants never paid Plaintiff spread of hours pay, or an extra hour of pay at the minimum wage rate, for those days when Plaintiff worked more than 10 hours in a day.

22.    Plaintiff never received tips for his work at Tangerine Restaurant.

23.    Plaintiff never received a 30-minute lunch break during his employment at Tangerine Restaurant.

24.    From approximately mid-May 2003 through the end of his employment at Tangerine Restaurant in July 2004, a period of approximately 61 weeks, Defendants paid Plaintiff different amounts each week.

25.    During this period, Plaintiff's weekly pay dropped as low as $200 per week.

26.    Many weeks during this period, Plaintiff was not paid at all.

27.    During this period, Plaintiff continued to work approximately 74 hours per week.

28.    During this period, Plaintiff's effective hourly rate of pay dropped as low as $2.70 per hour without any overtime premium.

29.    On approximately four occasions during this period, Defendants supplemented Plaintiff's pay to compensate for several weeks of non-payment.

30.    When this happened, Plaintiff's weekly pay was $600 - $800.

31.    On average, Plaintiff's weekly pay during this period was approximately $288.50 per week.

32.    In or around April 2004, Defendant Ong informed Plaintiff that Tangerine Restaurant was going out of business.

33.    Plaintiff ceased working at Tangerine Restaurant when he and his co-workers arrived at work one morning in approximately July 2004 to find that the restaurant was closed.

34.   In or around September 2004, Defendant Ong personally asked Plaintiff to come to work for her new business, Nooch Restaurant.

35.   For two days in approximately September 2004, Plaintiff performed janitorial work to prepare Nooch Restaurant for its opening.

36.   Aside from $10 he was given by a kitchen worker, Plaintiff received no compensation at all for these eight hours of work.

37.   In or around September 2004, when Nooch Restaurant opened for business, Plaintiff was hired to perform janitorial, dishwashing, and bus boy services at Nooch Restaurant.

38.   Upon information and belief, the agent who hired Plaintiff acted on the authority and at the behest of Defendant Ong and Defendant Nooch, Inc.

39.   Upon information and belief, several of Tangerine Restaurant's former employees were employed at Nooch Restaurant.

40.   Defendants paid Plaintiff $400 per week for his work at Nooch Restaurant, regardless of the hours worked by Plaintiff.

41.   Plaintiff routinely worked between 92 and 111 hours per week at Nooch Restaurant.

42.   This resulted in an effective hourly wage ranging from approximately $3.60 - $4.35 per hour without any overtime premium.

43.   Plaintiff never received overtime premium pay for hours exceeding 40 in a given week at Nooch Restaurant.

44.   Plaintiff routinely worked more than 10 hours in a day at Nooch Restaurant.

45.   Defendants never paid Plaintiff spread of hours pay, or an extra hour of pay at the minimum wage rate, for those days when Plaintiff worked more than 10 hours in a day.

46.   Plaintiff never received tips for his work at Nooch Restaurant.

47.   Plaintiff never received a 30-minute lunch break during his employment at Nooch Restaurant.

48.   Plaintiff left his employment Nooch Restaurant on or about March 20, 2005.

49.   Upon information and belief, during the time that Plaintiff was employed by Defendants at Tangerine Restaurant and Nooch Restaurant, Defendants did not maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one and one-half their regular rate, as required under both the FLSA and New York Labor Law.

50.   Upon information and belief, during the time that Plaintiff was employed by Defendants, Defendants did not maintain in the workplace a display containing a copy of New York Labor Law §§ 193, 196-d and any accompanying regulations as required by the New York Labor Law.

51.   On information and belief, during the relevant time periods Defendant Ong functioned as owner and controlling manager of Tangerine Restaurant and of Nooch Restaurant.

52.   On information and belief, Defendant Ong and/or her agents had control over Plaintiff's wages, hours, and working conditions at Tangerine Restaurant and at Nooch Restaurant.

53.   On information and belief, Defendant Ong and/or her agents had control over employee schedules and wage rates at Tangerine Restaurant and at Nooch Restaurant.

54.   On information and belief, employment records at Tangerine Restaurant and at Nooch Restaurant were maintained by Defendant Ong and/or her agents.

55.   Although Defendant Ong delegated some supervisory tasks to managers, she retained ultimate decisionmaking authority over all wages, hours, and working conditions at Tangerine Restaurant and at Nooch Restaurant.

56.    Upon information and belief, Defendant Red Dot Com, Inc. is a for-profit enterprise which engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

57.    Upon information and belief, Nooch, Inc. is a for-profit enterprise which engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

58.    By prior counsel, Plaintiff brought suit for unpaid wages in the Southern District of New York against Nooch, Inc. (Case No. 06 CV 867).

59.    The parties agreed to settle that claim for $9000, a sum which included attorneys' fees.

60.    The settlement amount did not include liquidated damages, as mandated by 26 U.S.C. § 216.

61.    The agreement entered into by the parties was not a judicially-approved stipulated settlement.

62.    Plaintiff has not legally waived of his claim for unpaid wages or overtime under the FLSA.

### FIRST CAUSE OF ACTION
*Federal Minimum Wage Violations*

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    At all times relevant herein, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. 203.

65.    At all times relevant herein, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. 203.

66.    At all times relevant herein, Defendants required, suffered, or permitted Plaintiff to work.

67. At all times relevant herein, Defendants were engaged in commerce within the meaning of 29 U.S.C. 203.

68. At all times relevant herein, Plaintiff was employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. 203.

69. Defendants willfully failed to pay Plaintiff the federal minimum wage for the hours he worked, in violation of 29 U.S.C. 207.

70. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216.

## SECOND CAUSE OF ACTION
### *Federal Overtime Violations*

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants willfully failed to pay Plaintiff the appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as required under the Fair Labor Standards Act, 29 U.S.C. 207 (a)(1).

73. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216.

## THIRD CAUSE OF ACTION
### *New York State Minimum Wage Violations*

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.    At all times relevant herein, Defendants were Plaintiff's employers within the meaning of New York Lab. L. 2 and 651.

76.    At all times relevant herein, Plaintiff was Defendants' employee within the meaning of New York Lab. L. 2 and 651.

77.    Defendants willfully failed to pay Plaintiff the New York State minimum wage for all hours he worked, in violation of New York Lab. L. 652;

78.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 663.

### FOURTH CAUSE OF ACTION
*New York State Overtime Violations*

79.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. L. 650 et seq.; 12 NYCRR 142-2.2.

81.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Lab. L. 663.

### FIFTH CAUSE OF ACTION
*New York State Payment of Wage Violations*

82.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.   At all times relevant herein, Plaintiff was a "clerical or other worker" employed by Defendants, as defined in New York Lab. L. 190.

84.   Defendants willfully failed to pay Plaintiff as required under New York Lab. L. 191.

85.   As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid wages, damages for unreasonably delayed payment of wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 198.

### SIXTH CAUSE OF ACTION
*New York State Spread of Hours Pay*

86.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.   Plaintiff routinely worked more than 10 hours a day.

88.   Defendants willfully failed to pay Plaintiff an extra hour of pay at the basic minimum rate for each day Plaintiff worked more than 10 hours ("spread of hours pay"), in violation of New York Lab. L. 650 et. seq.; 12 NYCRR 142-2.4.

89.   As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid spread-of-hours pay, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 663.

### SEVENTH CAUSE OF ACTION
*Quantum Meruit*

90.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.   Plaintiff conferred the benefit of his labor to Defendants in good faith and with the expectation of just payment. Defendants accepted the benefit of Plaintiff's work but deliberately failed to compensate him fairly.

92.   Defendants were unjustly enriched by their deliberate and intentional exploitation of Plaintiff's labor.

93.   As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in amounts to be proven at trial.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

i.   Declare Defendants' conduct to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Minimum Wage Act;

ii.   Award Plaintiff minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime pay, pursuant to 29 U.S.C. 216;

iii.   Award Plaintiff unpaid minimum wages and an additional 25% as liquidated damages, pursuant to New York Lab. L. 663(1);

iv.   Award Plaintiff unpaid overtime and spread-of-hours compensation, pursuant to the New York Minimum Wage Act regulations, and an additional 25% as liquidated damages, pursuant to New York Lab. L. 663(1);

v.    Award Plaintiff amounts to be proven at trial for his unpaid wages, damages for

unreasonably delayed payment of wages, and an additional 25% as liquidated damages,

pursuant to New York Lab. L. 198.

vi.    Award Plaintiff an amount to be proven at trial for Defendants' unjust enrichment from

Plaintiff's labor;

vii.    Award Plaintiff prejudgment interest; and

viii.    Award Plaintiff the costs of this action together with reasonable attorneys' fees and such

other and further relief as this court deems necessary and proper.


DATED this 12th day of December, 2007.


MAKE THE ROAD NEW YORK, INC.
By: Amy Carroll (AC 5640)
301 Grove Street
Brooklyn, NY 11237
Phone: 718-418-7690
Fax: 718-418-9635

**AUTHORIZATION PURSUANT TO 29 U.S.C. §216(b)**

      I, LUCIO MENDEZ, hereby consent to be a plaintiff in this lawsuit pursuant to §216(b) of the Fair Labor Standards Act.


Date: December 3, 2007

LUCIO MENDEZ

Exhibit B
Proof of Service

GLOBAL PROCESS SERVICE CO., INC.
291 BROADWAY, SUITE 1504
NEW YORK, NY 10007
LIC. # 887-054

UNITED STATES DIST. C~ SOUTHERN DIST.
**COUNTY OF** NEW YORK

Index No. 07 CV 11174

LUCIO MENDEZ

                                    Plaintiff(s)

        - against-                                      **AFFIDAVIT OF SERVICE**

NOOCH, INC. ET AL                   Defendant(s)    SUMMONS & COMPLAINT

STATE OF NEW YORK: COUNTY OF NEW YORK          ss:

        DANIEL MILLER          BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY
TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

**That on** 03/24/08 at 0250PM Hours at C/O SEC. OF STATE 99 WASHINGTON AVENUE ALBANY NY                        on
**deponent served the within** SUMMONS & COMPLAINT                                        therein named,
RED DOT COM INC.

**INDIVIDUAL**     by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person
**A** ☐          therein.                                   (S) He identified (her) himself as such.

                                                            two copies
**CORPORATION**   a (domestic) (foreign) corporation by delivering thereat a true copy of each to  DONNA CHRISTIE
**B** ☐ xx        personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said
**SUITABLE**      individual to be                          AUTHORIZED AGENT                                thereof
**AGE PERSON**
**C** ☐          by delivering thereat a true copy of each to
                 a person of suitable age and discretion. Said premises is recipient's (actual place of business) (dwelling house) (usual place of abode)
                 within the state.                          (S) He identified (her) himself as                            of recipient.

**AFFIXING TO**  by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place
**DOOR, ETC.**   of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat,
**D** ☐          having called there on the dates below:

                 Service upon the N.Y.S. Secretary of State under Section
                 306 of the B.C.L. and tendering a fee of $40.00
**MAILING**      Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient
**USE WITH**     at                                                                                      and deposited
**C or D**
☐                said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service
                 within New York State.
                 Deponent further states that he describes the person actually served as follows
                 Sex        Skin Color     Hair Color     Age (Approx.)      Height (Approx.)       Weight
                                                                                                    (Approx.)
                 FEMALE      WHITE         BLOND          35                 5'5                    140

**MILITARY**     Above person has asked, whether the recipient (s) was (were) in the military service of the State of New York or the United States and
**SERVICE**      received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that
☐                the recipient (s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes
                 of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

                 That at the time of such service deponent knew the person (s) so served as aforesaid to be the same person (s) mentioned and described
                 as the defendant(s) in this action.

**USE IN**       The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons (es).
**NYC CIVIL CT.**
☐

Sworn to before
me on the                    SANDRA FARRON                                     DANIEL MILLER
                           Notary Public, State of New York
03/25/08                        No. 01FA4784241                               **LICENSE No.**
                           Qualified in Nassau County
                           Commission Expires Sept. 30, 2009

                                                                              # 116267

UNITED STATES DIST. CT. SOUTHERN DIST.
COUNTY OF NEW YORK

**GLOBAL PROCESS SERVICE CO., INC.**
291 BROADWAY, SUITE 1504
NEW YORK, NY 10007
LIC. # 887-054

LUCIO MENDEZ

Index No. 07 CV 11174

- against -

Plaintiff(s)

**AFFIDAVIT OF SERVICE**

NOOCH, INC. ET AL

Defendant(s) SUMMONS & COMPLAINT

STATE OF NEW YORK: COUNTY OF NEW YORK            SS:
DANIEL MILLER            BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY
TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 03/24/08 at 0250PM Hours at C/O SEC. OF STATE 99 WASHINGTON AVENUE ALBANY NY
deponent served the within SUMMONS & COMPLAINT                                                                    on
NOOCH, INC.                                                            therein named,

**INDIVIDUAL A** ☐ by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein.
(S) He identified (her) himself as such.

**CORPORATION B** ☐ a (domestic) (foreign) corporation by delivering thereat a true copy of each to  two copies  DONNA CHRISTIE
XX personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said
individual to be  AUTHORIZED AGENT  thereof

**SUITABLE AGE PERSON C** ☐ by delivering thereat a true copy of each to
a person of suitable age and discretion. Said premises is recipient's (actual place of business ) (dwelling house) (usual place of abode)
within the state.            (S) He identified (her) himself as            of recipient

**AFFIXING TO DOOR, ETC. D** ☐ by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place
of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat,
having called there on the dates below:

Service upon the N.Y.S. Secretary of State under Section
306 of the B.C.L. and tendering a fee of $40.00

**MAILING USE WITH C or D** ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient
at                                                                                                and deposited
said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service
within New York State.
Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLOND | 35 | 5'5 | 140 |

**MILITARY SERVICE** ☐ Above person has asked, whether the recipient (s) was (were) in the military service of the State of New York or the United States and
received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that
the recipient (s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes
of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person (s) so served as aforesaid to be the same person (s) mentioned and described
as the defendant(s) in this action.

**USE IN NYC CIVIL CT.** ☐ The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons (es).

Sworn to before
me on the

**SANDRA FARRON**
Notary Public, State of New York
No. 01FA4784241
Qualified in Nassau County
Commission Expires Sept. 30, 2009

DANIEL MILLER
LICENSE No.

03/25/08

# 116268

Exhibit C
Affidavit of Lucio Mendez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
LUCIO MENDEZ,                                           :
                                                        :
                              Plaintiff,                :     ECF Case
                                                        :     Docket Number 07 CV 11174 (LLS)
             -against-                                   :
                                                        :
NOOCH, INC.; RED DOT COM, INC. d/b/a/                   :     **AFFIDAVIT OF LUCIO MENDEZ**
Tangerine Restaurant and Café; and SUAN LAY            :
ONG, a.k.a. Janice Ong,                                 :
                                                        :
                              Defendants.                :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

County of Kings        )
                       ) ss:
State of New York      )

Lucio Mendez, being duly sworn, deposes and says:

     1.     I am a plaintiff in this action.

     2.     From approximately May 2001 through approximately the first or second week of

July 2004, I worked in a restaurant called Tangerine, which was located at 228 West 10th St.,

New York, NY 10014.

     3.     Tangerine served noodle soups and Asian food.

     4.     I worked at Tangerine washing dishes, cleaning the restaurant, receiving

deliveries of food and alcohol, and re-stocking the kitchen and bar.

     5.     A manager hired me to work at Tangerine.

     6.     A woman called Janice Ong was the owner of Tangerine.  She usually came to the

restaurant every day.  She would come to pick up money, pay bills, or tell the managers what to

do.  Before she would arrive, the cooks would often tell me to be sure to clean extra well, because the boss was coming.  She liked me, and she often said to me, "Lucio, I like how you work."  I saw her fire several employees during my time working at Tangerine.

7.      When I started work, my manager told me that I would be paid $250.00 per week. This is what I earned for my first month of work.

8.      After that first month, another employee who did my same job quit.  Instead of hiring someone else, my manager told me that if I could do his work too, I would be paid $400.00 per week.  I agreed, and that was the arrangement for the rest of my time at Tangerine.

9.      I usually worked the same schedule every week at Tangerine.  I was required to come to work every day at 2:00 p.m.  On days that were not busy, usually Monday through Wednesday, I would get out of work at between 1:00 a.m. and 2:00 a.m.  On busy nights, which were usually Thursday through Saturday, I would get out of work at around 3:00 a.m. or 4:00 a.m. I worked seven days per week for my first two months, but after that I got Sundays off because the restaurant wasn't as busy.  In total, I usually worked between 74 and 78 hours per week at Tangerine.

10.     I was never paid time and a half when I worked more than 40 hours per week at Tangerine.  I received a flat salary for the entire week of work.

11.     I never received extra pay when I worked more than 10 hours in a day.

12.     I never received tips for my work at Tangerine.

13.     Starting in around mid-May 2003, my manager stopped paying me my full weekly wage.  When I asked why, he said "No busy, no busy."  He always told me that they would pay me later, and that I needed to wait.

14.    Sometimes, I would go a full month without receiving any wages, and then my manager would pay me as much as $800.00 to try to make up for it. Other times, I would just receive $200.00 per week.

15.    Because I wanted to make sure I knew how much money I was owed, I started keeping my own records of the weeks I worked and the amounts I was paid. Whenever I received a payment, I wrote down the amount next to the date in a notebook. Copies of my records are attached to this affidavit as Exhibit D. They cover the time period from May 2003 when I stopped receiving my full wages to mid-July 2004 when the restaurant closed. The first page lists the weeks that I worked. The second page lists the dates I was paid wages.

16.    In around April 2004, one of the cooks told me that Janice was going to open another restaurant called Nooch.

17.    One day in July 2004, my co-workers and I came to work, but the locks had been changed and my keys didn't work. That was how I found out that Tangerine was closed, and I didn't work there anymore after that.

18.    In around September 2004, when I had been out of work for almost two months, Janice Ong called me. She told me that she wanted me to come the next day to work in her new restaurant, Nooch, doing the same job I had done at Tangerine. She told me when and where to go, and the next day I began working for her again.

19.    I spent two or three days cleaning Nooch before it opened. I spent about eight hours working in total.

20.    Janice did not pay me any money at all for this work. One of the members of the kitchen staff felt sorry for me and gave me $10.00 to pay for my transportation.

3

21.     After Nooch opened for business a few days later, I began working there. When pay day came, the manager of Nooch, Paul, asked me, "How much are you supposed to make?" I told him that I earned $400.00. I remember that Paul was surprised, and he said, "That's way too much!" I explained that this was my wage previously, and that it was a lot of work at Nooch and I couldn't do it for less than that.

22.     Although I received the same wage at Nooch as I had earned at Tangerine, $400.00 per week, I was required to work many more hours.

23.     During my first five weeks of work, I worked seven days per week. I worked from 9:00 a.m. to midnight on Mondays, and from 9:00 a.m. to 1:00 a.m. on Tuesdays through Sundays.

24.     During my second month of work, I worked the same schedule, but I got Tuesdays off.

25.     For about two months after that, I worked Mondays, Wednesdays, and Thursdays from 9:00 a.m. to midnight, and Fridays, Saturdays, and Sundays from 9:00 a.m. to 1:00 a.m.

26.     For the rest of my work there, I worked Mondays, Wednesdays, Thursdays, and Fridays from 9:00 a.m. to midnight, and Saturdays and Sundays from 9:00 a.m. to 1:00 a.m.

27.     I was never paid time and a half when I worked more than 40 hours per week. I received a flat salary for the entire week of work.

28.     I quit working at Nooch on approximately March 20, 2005. I quit because the hours were very long, because I was required to wash dishes in a cold back room, in cold water in the middle of winter, and because I was required to carry heavy stacks of dishes and food up and down long sets of stairs to and from the kitchen, which was difficult and at times painful.

4

29.     At Tangerine and at Nooch, I never saw Janice or any of her managers write down the hours I worked or the pay I received. I punched a timeclock at Tangerine and at Nooch, but I never understood why because they didn't pay me by the hour.

30.     After I left my employment at Nooch, I went to a community-based organization called Make the Road By Walking because I heard they helped people who were owed wages. A lawyer there, Deborah Axt, told me that I had a right to file a lawsuit for the wages I was owed. She referred me to a lawyer named Justin Zeller, who filed a lawsuit against Nooch on my behalf in 2006.

31.     After a few months, my lawyers told me that the accountant for Nooch wanted to settle my case. The accountant wrote me two checks totaling $5725.00. I felt that this was much less than what I should have been paid for my years of work. My lawyers at Make the Road New York told me that I could file another lawsuit for the rest of the wages I was owed. This is what I decided to do.

I HEREBY SWEAR UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Signed: _____     Dated: 5/23/008
         Lucio Mendez

The individual known to me to be Lucio Mendez appeared before me this 23 day of May, 2008, and affixed his signature to this document above.

Signed: _____
         Notary Public

AMY CARROLL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02CA6130989
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 25, 20 09

5

TRANSLATOR'S CERTIFICATE

I, Elizabeth Wagoner, certify that I am fluent in both Spanish and English, that I have correctly and accurately prepared this affidavit for Lucio Mendez based on his testimony to me in Spanish, that I then read it back to him in Spanish, and that he assured me that he understood this affidavit and that it was correct.

Signed: _____
Elizabeth Wagoner

Dated: 5/23/08

Exhibit D
Lucio Mendez Contemporaneous Records of Weeks
Worked and Wages Paid

**Transcription of Lucio Mendez Records**

| Week beginnning | Week ending | Date Paid | Paid |
|---|---|---|---|
| 5/12/03 | 5/17/03 | 5/19/03 | $200 |
| 5/19/03 | 5/24/03 | 5/24/03 | $200 |
| 5/26/03 | 5/31/03 | | |
| 6/2/03 | 6/7/03 | | |
| 6/9/03 | 6/14/03 | | |
| 6/16/03 | 6/21/03 | 6/23/03 | $400 |
| 6/23/03 | 6/28/03 | 6/28/03 | $400 |
| 6/30/03 | 7/5/03 | | |
| 7/7/03 | 7/12/03 | | |
| 7/14/03 | 7/19/03 | | |
| 7/21/03 | 7/26/03 | 8/8/03 | $400 |
| 7/28/03 | 8/2/03 | 8/9/03 | $400 |
| 8/4/03 | 8/9/03 | | |
| 8/11/03 | 8/16/03 | 8/18/03 | $200 |
| 8/18/03 | 8/23/03 | 8/23/03 | $200 |
| 8/25/03 | 8/30/03 | 8/30/03 | $200 |
| 9/1/03 | 9/6/03 | 9/6/03 | $200 |
| 9/8/03 | 9/13/03 | 9/15/03 | $200 |
| 9/15/03 | 9/20/03 | 9/20/03 | $200 |
| 9/22/03 | 9/27/03 | 9/22/03 | $400 |
| 9/29/03 | 10/4/03 | 9/29/03 | $200 |
| | | 10/3/03 | $200 |
| | | 10/4/03 | $400 |
| 10/6/03 | 10/11/03 | 10/11/03 | $200 |
| 10/13/03 | 10/18/03 | 10/24/03 | $600 |
| 10/20/03 | 10/25/03 | 11/7/03 | $400 |
| 10/27/03 | 11/1/03 | 11/10/03 | $400 |
| 11/3/03 | 11/8/03 | 11/17/03 | $400 |
| 11/10/03 | 11/15/03 | 11/21/03 | $400 |
| 11/17/03 | 11/22/03 | 11/22/03 | $400 |
| 11/24/03 | 11/29/03 | 11/24/03 | $400 |
| | | 11/26/03 | $400 |
| 12/1/03 | 12/6/03 | 12/6/03 | $400 |
| 12/8/03 | 12/13/03 | 12/15/03 | $400 |
| 12/15/03 | 12/20/03 | | |
| 12/22/03 | 12/27/03 | 1/2/04 | $800 |
| 12/29/03 | 1/3/04 | | |
| 1/5/04 | 1/10/04 | 1/12/04 | $200 |
| 1/12/04 | 1/17/04 | 1/23/04 | $200 |
| 1/19/04 | 1/24/04 | 1/26/04 | $400 |
| 1/26/04 | 1/31/04 | 1/31/04 | $400 |
| 2/2/04 | 2/7/04 | 2/6/04 | $400 |
| 2/9/04 | 2/14/04 | 2/14/04 | $400 |
| 2/16/04 | 2/21/04 | 2/23/04 | $400 |
| 2/23/04 | 2/28/04 | 3/1/04 | $200 |
| 3/1/04 | 3/6/04 | | |

| | | | |
|---|---|---|---|
| 3/8/04 | 3/13/04 | 3/13/04 | $200 |
| 3/15/04 | 3/20/04 | 3/20/04 | $400 |
| 3/22/04 | 3/27/04 | 3/27/04 | $400 |
| 3/29/04 | 4/3/04 | 4/3/04 | $400 |
| 4/5/04 | 4/10/04 | 4/9/04 | $400 |
| 4/12/04 | 4/17/04 | 4/17/04 | $400 |
| 4/19/04 | 4/24/04 | 4/24/04 | $400 |
| 4/26/04 | 5/1/04 | 5/1/04 | $400 |
| 5/3/04 | 5/8/04 | 5/12/04 | $400 |
| 5/10/04 | 5/15/04 | 5/17/04 | $400 |
| 5/17/04 | 5/22/04 | | |
| 5/24/04 | 5/29/04 | 6/4/04 | $200 |
| 5/31/04 | 6/5/04 | 6/7/04 | $200 |
| 6/7/04 | 6/12/04 | 6/11/04 | $400 |
| 6/14/04 | 6/19/04 | 6/25/04 | $400 |
| 6/21/04 | 6/26/04 | | |
| 6/28/04 | 7/3/04 | 7/5/04 | $400 |
| 7/5/04 | 7/9/03 | | |

**Total Paid**          **$17,600**

**Total Weeks**
**Worked**               **61**

**Average Paid**
**Per Week**        **$288.52**

Weeks worked

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 12 | 17 | 03 | 11 | 24 | 29 | 03 | 6 | 7 | 12 | 04 |
| 5 | 19 | 24 | 03 | 12 | 1 | 6 | 03 | 6 | 14 | 19 | 04 |
| 5 | 26 | 31 | 03 | 12 | 8 | 13 | 03 | 6 | 21 | 26 | 04 |
| 6 | 2 | 7 | 03 | 12 | 15 | 20 | 03 | 67 | 28 | 3 | 04 |
| 6 | 9 | 14 | 03 | 12 | 22 | 27 | 03 | 7 | 5 | -9 | 04 |
| 6 | 16 | 21 | 03 | 12-1 | 29 | 3 | 04 | | | | |
| 6 | 23 | 28 | 03 | 1 | 5 | 10 | 04 | | | | |
| 6 | 30-1 | 5 | 03 | 1 | 12 | 17 | 04 | | | | |
| 7 | 7 | 12 | 03 | 1 | 19 | 24 | 04 | | | | |
| 7 | 14 | 19 | 03 | 1 | 26 | 31 | 04 | | | | |
| 7 | 21 | 26 | 03 | 2 | 2 | 7 | 04 | | | | |
| 7 | 28 | 2 | 03 | 2 | 9 | 14 | 04 | | | | |
| 8 | 4 | 9 | 03 | 2 | 16 | 21 | 04 | | | | |
| 8 | 11 | 16 | 03 | 2 | 23 | 28 | 04 | | | | |
| 8 | 18 | 23 | 03 | 3 | 1 | 6 | 04 | | | | |
| 8 | 25 | 30 | 03 | 3 | 8 | 13 | 04 | | | | |
| 9 | 1 | 6 | 03 | 3 | 15 | 20 | 04 | | | | |
| 9 | 8 | 13 | 03 | 3 | 22 | 27 | 04 | | | | |
| 9 | 15 | 20 | 03 | 3-4 | 29 | 3 | 04 | | | | |
| 9 | 22 | 27 | 03 | 4 | 5 | 10 | 04 | | | | |
| 9-10 | 29 | 4 | 03 | 4 | 12 | 17 | 04 | | | | |
| 10 | 6 | 11 | 03 | 4 | 19 | 24 | 04 | | | | |
| 10 | 13 | 18 | 03 | 4 | 26 | 1 | 04 | | | | |
| 10 | 20 | 25 | 03 | 5 | 3 | 8 | 04 | | | | |
| 10-11 | 27 | 1 | 03 | 5 | 10 | 15 | 04 | | | | |
| 11 | 3 | 8 | 03 | 5 | 17 | 22 | 04 | | | | |
| 11 | 10 | 15 | 03 | 5 | 24 | 29 | 04 | | | | |
| 11 | 17 | 22 | 03 | 5-6 | 31 | 5 | 04 | | | | |

Amts. paid

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5 | 19 | 24 $20 | | | | | |
| 6 | 23/ | 28/ $300 + 100 + 400 | | | | | |
| 8 | 8 | $300 + 100 | | | | | |
| 8 | 9 | $400 | 03 | 2 | 6 | $400 | 04 |
| 8 | 18 | $200 | 03 | 2 | 14 | $400 | 04 |
| 8 | 23 | $200 | 03 | 2 | 23 | $400 | 04 |
| 8 | 30 | $200 | 03 | 3 | 1 | $200 | 04 |
| 9 | 6 | $200 | 03 | 3 | 13 | $200 | 04 |
| 9 | 15 | $200 | 03 | 3 | 20 | $400 | 04 |
| 9 | 20 | $200 | 03 | 3 | 27 | $400 | 04 |
| 9 | 22 | $400 | 03 | 4 | 3 | $400 | 04 |
| 9 | 29 | $200 | 03 | 4 | 9 | $400 | 04 |
| 10 | 3 | $200 | 03 | 4 | 17 | $400 | 04 |
| 10 | 4 | $400 | 03 | 4 | 24 | $400 | 04 |
| 10 | 11 | $200 | 03 | 5 | 1 | $400 | 04 |
| 10 | 24 | $600 | 03 | 5 | 12 | $400 | 04 |
| 11 | 7 | $400 | 03 | 5 | 17 | $400 | 04 |
| 11 | 10 | $400 | 03 | 6 | 4 | $200 | 04 |
| 11 | 17 | $400 | 03 | 6 | 7 | $200 | 04 |
| 11 | 21 | $400 | 03 | 6 | 11 | $400 | 04 |
| 11 | 22 | $400 | 03 | 6 | 25 | $400 | 04 |
| 11 | 24 | $400 | 03 | 7 | 5 | $400 | 04 |
| 11 | 26 | $400 | 03 | | | | |
| 12 | 6 | $400 | 04 | | | | |
| 12 | 15 | $400 | 04 | | | | |
| 1 | 2 | $800 | 04 | | | | |
| 1 | 12 | $200 | 04 | | | | |
| 1 | 23 | $200 | 04 | | | | |
| 1 | 26 | $400 | 04 | | | | |
| 1 | 31 | $400 | | | | | |
| 2 | | | | | | | |

Exhibit E
Declaration of Amy Carroll

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,

                    Plaintiff,

        -against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      ECF Case
      Docket Number 07-cv-11174

      **DECLARATION OF
      AMY CARROLL**

STATE OF NEW YORK   )
                 ) ss.:
COUNTY OF KINGS    )

     AMY CARROLL, being duly sworn, deposes and says:

    1.   I am a member of the bar of this Court and an employee of Make the Road New York, Inc., attorneys for Plaintiff in the above-entitled action.  I am familiar with all the facts and circumstances in this action.

    2.   I make this declaration in support of Plaintiff's petition for an award of attorney fees and costs against Defendants Nooch, Inc. and Red Dot Com, Inc.

    3.   I have spent 9.4 hours working on this matter.  I have calculated my hours based on time logs which were contemporaneously recorded by hand and stored in my client's file.  I attest that this figure of hours accurately reflects the content of the contemporaneously recorded logs in my files.

    4.   I am seeking fees for work required of me in this matter and have exercised billing judgment in reducing the number of hours expended.

5.  I was admitted to practice law in the State of New York in November 2004.

6.  Plaintiff submits my hourly rate at $180 an hour for attorneys with four to six years of experience. Marisol v. Giuliani, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000).

7.  I request an award of $1,692.00 attorney's fees for my time spent on this case.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Brooklyn, New York
       May 27, 2008

_____
Amy Carroll (AC 5640)

Exhibit F
Declaration of Elizabeth Wagoner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,                                :

                             Plaintiff,      :   ECF Case
                                             :   Docket Number 07 CV 11174 (LLS)
              -against-                       :
                                             :        **DECLARATION OF**
NOOCH, INC.; RED DOT COM, INC. d/b/a/        :    **ELIZABETH WAGONER IN**
Tangerine Restaurant and Café; and SUAN LAY  :   **SUPPORT OF MOTION FOR**
ONG, a.k.a. Janice Ong,                      :    **JUDGMENT BY DEFAULT**
                                             :
                             Defendants.     :
                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF KINGS        )

Elizabeth Wagoner, being duly sworn, deposes and says:

1.    I am a member of the bar of this Court and an employee of Make the Road New York,

Inc., attorneys for Plaintiff in the above-entitled action.  I am familiar with all the facts and

circumstances contained herein.

2.    I make this declaration pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the

Southern District of New York, in support of Plaintiff's motion for the entry of a default judgment

against defendant.

**Procedural History**

3.    This is an action for unpaid wages owed to Plaintiff under the Fair Labor Standards Act,

29 U.S.C. §201 *et seq.,* ("FLSA") and New York Labor Law §190 *et seq.* and §650 *et seq.*

("NYLL").

1

4.    Jurisdiction of the subject matter of this action is based on federal question and supplemental jurisdiction.

5.    This action was commenced on December 12, 2007 by the filing of a Complaint, which is attached as Exhibit A.

6.    A copy of the Summons and Complaint was served on Defendants Nooch, Inc. and Red Dot Com, Inc. on March 24, 2008, by personal delivery to an agent authorized by the secretary of state to receive service, Donna Christie, at the office of the department of state in the city of Albany, pursuant to Business Corporation Law §306.  Plaintiffs filed the Proof of Service, attached as Exhibit B, on April 8, 2008.

7.    Plaintiff was unable to effect service on Defendant Suan Lay Ong.

8.    Defendants Nooch, Inc. and Red Dot Com, Inc. have not answered the Complaint, and the time for these Defendants to answer the Complaint has expired.

9.    This action seeks judgment for the amount of $37,334.78 against Defendant Red Dot Com, Inc. and $7,902.11 against Defendant Nooch, Inc., as shown by the Statement of Damages and Exhibit G, Unpaid Wage Spreadsheet, which is justly due and owing, and no part of which has been paid except as therein set forth.

**Calculations Generally**

10.    I created the Unpaid Wage Spreadsheet based on the data contained in the Complaint and in the Affidavit of Lucio Mendez, attached to Plaintiff's Memorandum of Law as Exhibit C.

11.    Please note that for the purpose of simplicity, the numbers I use in this declaration are rounded to two decimal points.  In some instances this may give the appearance of arithmetical errors.  However, all numbers I use are based on the figures in the spreadsheet, which are not rounded to the nearest decimal and are therefore more exact.

2

12.   This spreadsheet calculates unpaid wages and damages on a weekly basis.

13.   Plaintiff seeks 25% NYLL damages on his state law claims and 100% FLSA damages on his FLSA claims.  Where there are both FLSA and NYLL claims for a given week, Plaintiff seeks to recover the full unpaid federal wages, plus federal damages, and any additional wages owed under the NYLL, plus New York damages on the wages.

14.   Regarding prejudgment interest owed pursuant to C.P.L.R. § 5001, the spreadsheet computes the interest accrued on Plaintiff's unpaid wages on a weekly basis at 9% per annum.  The "the earliest ascertainable date the cause of action existed" is assumed to be the end of each week in which wages are owed.  Interest is calculated on the NYLL portion of unpaid wages only, and not on the 25% NYLL damages or on any wages or damages owed pursuant to the FLSA.

15.   More specific examples and descriptions of the wage calculations are contained in the Memorandum of Law and in the Unpaid Wage Spreadsheet attached as Exhibit G.

**Settlement of Prior Lawsuit**

16.   By his previous attorney, Justin Zeller, Plaintiff filed a lawsuit in 2006 to recover his unpaid wages from Nooch, Inc.

17.   An individual named Christopher Miu, who identified himself as an accountant for Nooch, Inc., contacted Mr. Zeller seeking to settle the lawsuit.

18.   A settlement agreement was executed between Plaintiff and Christopher Miu for Nooch, Inc., by which Plaintiff was paid $2,862.00 representing back wages, and $2,862.00 representing liquidated damages. (*See* Exhibit H annexed hereto).

19.   Upon receiving notice of the settlement, Judge Kenneth Karas ordered a discontinuance of the action with prejudice, and the case was closed. (*See* Exhibit I).

**Attorney's Fees**

20.   Plaintiff is entitled to attorney fees and costs.

3

21.   I spent 19.00 hours working on this matter prior to my admission to the New York Bar on January 31, 2008.

22.   I spent 37.10 hours working on this matter after my admission.

23.   I have calculated my hours based on time logs which were contemporaneously recorded by hand and stored in my client's file.  A typewritten description of these logs is attached as Exhibit J.  I attest that this Exhibit accurately reflects the content of the contemporaneously recorded logs in my files.

24.   I am seeking fees for work required of me in this matter and have exercised billing judgment in reducing the number of hours expended.

25.   Plaintiffs submit my hourly rate at $75 an hour prior to my admission to the New York Bar, and $130 an hour thereafter.  These amounts are based on the hourly rate of $75 for paralegals and $130 to $150 for attorneys with one to three years of experience.  *Marisol v. Giuliani*, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000). My average experience over the course of this litigation was over two years as a law student and law graduate and less than one year as an attorney.  At these rates, Plaintiffs request a total of $6248.00 in fees for my time in this matter.

WHEREFORE, Plaintiff requests the entry of Default and the entry of the annexed Judgment against Defendants Nooch, Inc. and Red Dot Com, Inc.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Brooklyn, New York
      May 27, 2008

Elizabeth Wagoner (EW 2101)

4

Exhibit G
Statement of Damages and
Unpaid Wage Spreadsheet

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,

                    Plaintiff,

            -against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case
Docket Number 07 CV 11174 (LLS)


**STATEMENT OF DAMAGES
AS TO DEFENDANTS NOOCH,
INC. AND RED DOT COM, INC.**

**As to Nooch, Inc.:**

| | | |
|---|---|---|
| Unpaid Wages and Damages | ................................................................. | $7,673.21 |
| Interest | ................................................................. | $228.90 |
| Total | ................................................................. | $7,902.11 |

**As to Red Dot Com, Inc.:**

| | | |
|---|---|---|
| Unpaid Wages and Damages | ................................................................. | $27,449.29 |
| Interest | ................................................................. | $9,885.49 |
| Total | ................................................................. | $37,334.78 |

**Attorneys' Fees:**     .................................................................   $7,940.00

## SUMMARY: Wages Owed By Defendant Nooch, Inc.

| | State 2001 - 2004 | Federal 2004 - 2007 | Total 2001 - 2007 |
|---|---|---|---|
| Unpaid Wages | $ 3,557.58 | $ 3,669.28 | $ 7,226.85 |
| Damages | 889.39 | 3,669.28 | 4,558.67 |
| Unpaid Wages + Damages | $ 4,446.97 | $ 7,338.55 | $ 11,785.52 |

| | State Incr. 2004 - 2007 | Total Incr. 2004 - 2007 |
|---|---|---|
| Incremental State Unpaid Wages* | $ 374.00 | $ 374.00 |
| Damages on Incremental | 93.50 | 93.50 |
| Total Incremental Claim | $ 467.50 | $ 467.50 |

| | State 2001 - 2007 | Total 2001 - 2007 |
|---|---|---|
| Spread | $ 916.15 | $ 916.15 |
| Spread Damages | 229.04 | 229.04 |
| Total Spread + Damages | $ 1,145.19 | $ 1,145.19 |

| | State 2001 - 2007 | Federal 2004 - 2007 | Total 2001 - 2007 |
|---|---|---|---|
| Settlement | $ (5,725.00) | | $ (5,725.00) |
| Interest | $ 228.90 | $ - | $ 228.90 |
| Unpaid Wages + Incremental + Spread | $ 4,847.73 | $ 3,669.28 | $ 8,517.00 |
| Damages | $ 1,211.93 | $ 3,669.28 | $ 4,881.21 |
| Total After Settlement | $ 334.66 | $ 7,338.55 | $ 7,673.21 |
| **Total After Settlement + Interest** | $ 563.56 | $ 7,338.55 | $ 7,902.11 |

*Incremental state unpaid wages, for the purposes of these calculations, is the additional state minimum wage owed during the period that the New York state minimum wage is higher than the federal minimum wage. This occurs when a claim arises under both federal and state law.

## Wages Owed By Defendant Nooch, Inc.

SOL Key Date (Date case filed in court)  12/12/2007
State SOL Cut-off Date  12/11/2004
Federal SOL Cut-off Date  12/11/2004

| Week | Total Hrs | Reg Hrs | Total OT Hrs | Amt Paid total | State Min Wage | Federal Min Wage | Correct Regular Pay (NYLL) | Correct OT Rate | Correct OT pay | Correct Total Pay | Unpaid for Week | Damages | Total State Demand | Correct Regular Pay (Fed) | Correct OT Rate | Correct OT pay | Correct Total Pay | Unpaid for Week | Damages | Total Federal Demand |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/6/04 | 111 | 40 | 71 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $88.62 | $443.09 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $354.48 | $708.96 |
| 9/13/04 | 111 | 40 | 71 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $88.62 | $443.09 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $354.48 | $708.96 |
| 9/20/04 | 111 | 40 | 71 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $88.62 | $443.09 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $354.48 | $708.96 |
| 9/27/04 | 111 | 40 | 71 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $88.62 | $443.09 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $354.48 | $708.96 |
| 10/4/04 | 111 | 40 | 71 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $88.62 | $443.09 | $206.00 | $7.73 | $548.48 | $754.48 | $354.48 | $354.48 | $708.96 |
| 10/11/04 | 95 | 40 | 55 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $57.72 | $288.59 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $230.88 | $461.76 |
| 10/18/04 | 95 | 40 | 55 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $57.72 | $288.59 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $230.88 | $461.76 |
| 10/25/04 | 95 | 40 | 55 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $57.72 | $288.59 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $230.88 | $461.76 |
| 11/1/04 | 95 | 40 | 55 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $57.72 | $288.59 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $230.88 | $461.76 |
| 11/8/04 | 95 | 40 | 55 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $57.72 | $288.59 | $206.00 | $7.73 | $424.88 | $630.88 | $230.88 | $230.88 | $461.76 |
| 11/15/04 | 93 | 40 | 53 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $53.86 | $269.28 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $215.43 | $430.85 |
| 11/22/04 | 93 | 40 | 53 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $53.86 | $269.28 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $215.43 | $430.85 |
| 11/29/04 | 93 | 40 | 53 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $53.86 | $269.28 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $215.43 | $430.85 |
| 12/6/04 | 93 | 40 | 53 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $53.86 | $269.28 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $215.43 | $430.85 |
| 12/13/04 | 93 | 40 | 53 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $53.86 | $269.28 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $215.43 | $430.85 |
| 12/20/04 | 93 | 40 | 53 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $53.86 | $269.28 | $206.00 | $7.73 | $409.43 | $615.43 | $215.43 | $215.43 | $430.85 |
| 12/27/04 | 92 | 40 | 52 | $400.00 | $5.15 | $5.15 | $206.00 | $7.73 | $477.00 | $683.00 | $283.00 | $53.86 | $269.28 | $206.00 | $7.73 | $477.00 | $683.00 | $283.00 | $283.00 | $566.00 |
| 1/3/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 1/10/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 1/17/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 1/24/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 1/31/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 2/7/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 2/14/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 2/21/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 2/28/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 3/7/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 3/14/05 | 92 | 40 | 52 | $400.00 | $6.00 | $5.15 | $240.00 | $9.00 | $468.00 | $708.00 | $308.00 | $77.00 | $385.00 | $206.00 | $9.00 | $468.00 | $674.00 | $274.00 | $274.00 | $548.00 |
| 3/21/05 | 0 | 0 | 0 | $0.00 | $6.00 | $5.15 | $0.00 | $9.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $206.00 | $9.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/28/05 | 0 | 0 | 0 | $0.00 | $6.00 | $5.15 | $0.00 | $9.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $206.00 | $9.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Totals** | | | | | | | | | | | **State Unpaid Wages $3,557.88** | **State Damages $889.39** | **Total State Demand $4,446.97** | | | | | **Fed. Unpaid Wages $3,669.28** | **Fed. Damages $3,669.28** | **Total Fed. Demand $7,338.55** |

| Week | Use Federal or State? | Total Demand | Incremental State Claim | Damages on Incremental Claim | #Days >10 | Min Wage Due | Spread Bonus Due | Spread Damages | Total Spread Demand | Total Demand Pre-settlement | Amount covered by settlement | Total demand after settlement | Current date | Days Elapsed | Interest on State Wages | Spread Interest | Total Interest |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Incremental State Calculation | | Spread-of-Hours Calculations | | | | | Nooch Settlement | | | CPLR Prejudgment Interest Calculations | | | | |
| 9/6/04 | State | $0.00 | $0.00 | $0.00 | 0 | $5.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 5/27/08 | 1359 | $0.00 | $0.00 | $0.00 |
| 9/13/04 | State | $443.09 | | | 7 | $5.15 | $36.05 | $9.01 | $45.06 | $488.16 | $488.16 | $0.00 | 5/27/08 | 1352 | $0.00 | $0.00 | $0.00 |
| 9/20/04 | State | $443.09 | | | 7 | $5.15 | $36.05 | $9.01 | $45.06 | $488.16 | $488.16 | $0.00 | 5/27/08 | 1345 | $0.00 | $0.00 | $0.00 |
| 9/27/04 | State | $443.09 | | | 7 | $5.15 | $36.05 | $9.01 | $45.06 | $488.16 | $488.16 | $0.00 | 5/27/08 | 1338 | $0.00 | $0.00 | $0.00 |
| 10/4/04 | State | $443.09 | | | 7 | $5.15 | $36.05 | $9.01 | $45.06 | $488.16 | $488.16 | $0.00 | 5/27/08 | 1331 | $0.00 | $0.00 | $0.00 |
| 10/11/04 | State | $443.09 | | | 7 | $5.15 | $36.05 | $9.01 | $45.06 | $488.16 | $488.16 | $0.00 | 5/27/08 | 1324 | $0.00 | $0.00 | $0.00 |
| 10/18/04 | State | $288.59 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $327.22 | $327.22 | $0.00 | 5/27/08 | 1317 | $0.00 | $0.00 | $0.00 |
| 10/25/04 | State | $288.59 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $327.22 | $327.22 | $0.00 | 5/27/08 | 1310 | $0.00 | $0.00 | $0.00 |
| 11/1/04 | State | $288.59 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $327.22 | $327.22 | $0.00 | 5/27/08 | 1303 | $0.00 | $0.00 | $0.00 |
| 11/8/04 | State | $288.59 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $327.22 | $327.22 | $0.00 | 5/27/08 | 1296 | $0.00 | $0.00 | $0.00 |
| 11/15/04 | State | $288.59 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $327.22 | $327.22 | $0.00 | 5/27/08 | 1289 | $0.00 | $0.00 | $0.00 |
| 11/22/04 | State | $269.28 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $307.91 | $307.91 | $0.00 | 5/27/08 | 1282 | $0.00 | $0.00 | $0.00 |
| 11/29/04 | State | $269.28 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $307.91 | $307.91 | $0.00 | 5/27/08 | 1275 | $0.00 | $0.00 | $0.00 |
| 12/6/04 | State | $269.28 | | | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $307.91 | $307.91 | $0.00 | 5/27/08 | 1268 | $0.00 | $0.00 | $0.00 |
| 12/13/04 | Federal | $430.85 | $0.00 | $0.00 | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $469.48 | $469.48 | $0.00 | 5/27/08 | 1261 | $0.00 | $0.00 | $0.00 |
| 12/20/04 | Federal | $430.85 | $0.00 | $0.00 | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $469.48 | $255.89 | $213.59 | 5/27/08 | 1254 | $0.00 | $0.00 | $0.00 |
| 12/27/04 | Federal | $430.85 | $0.00 | $0.00 | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $469.48 | $0.00 | $469.48 | 5/27/08 | 1247 | $0.00 | $0.00 | $0.00 |
| 1/3/05 | Federal | $566.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $653.50 | $0.00 | $653.50 | 5/27/08 | 1240 | $10.40 | $11.01 | $21.41 |
| 1/10/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1233 | $10.34 | $10.95 | $21.30 |
| 1/17/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1226 | $10.29 | $10.89 | $21.18 |
| 1/24/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1219 | $10.23 | $10.83 | $21.05 |
| 1/31/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1212 | $10.17 | $10.77 | $20.94 |
| 2/7/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1205 | $10.12 | $10.71 | $20.83 |
| 2/14/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1198 | $10.06 | $10.65 | $20.71 |
| 2/21/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1191 | $10.00 | $10.58 | $20.58 |
| 2/28/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1184 | $9.92 | $10.50 | $20.42 |
| 3/7/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1177 | $9.86 | $10.44 | $20.30 |
| 3/14/05 | Federal | $548.00 | $34.00 | $8.50 | 6 | $6.00 | $36.00 | $9.00 | $45.00 | $635.50 | $0.00 | $635.50 | 5/27/08 | 1170 | $9.80 | $10.38 | $20.18 |
| 3/21/05 | Federal | $0.00 | $0.00 | $0.00 | 0 | $6.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 5/27/08 | 1163 | $0.00 | $0.00 | $0.00 |
| 3/28/05 | Federal | $0.00 | $0.00 | $0.00 | 0 | $6.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 5/27/08 | 1156 | $0.00 | $0.00 | $0.00 |
| **Totals** | | | $374.00 | $93.50 | 167 | | $916.15 | $229.04 | $1,145.19 | $13,398.21 | $5,726.00 | $7,673.21 | | | $111.19 | $117.72 | $228.90 |

Incremental Damages: $93.50  
Total Spread Demand: $1,145.19  
Total Demand Pre-settlement (Total Owed Pre-settlement): $13,398.21  
Total settlement: $5,726.00  
Total demand after settlement (Total Owed Post-Settlement): $7,673.21  
Interest on State Wages: $111.19  
Spread Interest: $117.72  
TOTAL Interest: $228.90  

TOTAL: $ 7,902.11

## SUMMARY: Wages Owed By Defendant Red Dot Com, Inc.

| | | |
|---|---|---:|
| Unpaid Wages | $ | 17,787.93 |
| 25% Damages | $ | 4,446.98 |
| Unpaid Wages + Damages | $ | 22,234.91 |
| | | |
| Spread | $ | 4,171.50 |
| 25% Damages | $ | 1,042.88 |
| Total Spread + Damages | $ | 5,214.38 |
| | | |
| Unpaid Wages + Spread + Damages | $ | 27,449.29 |
| Interest | $ | 9,885.49 |
| **Total** | **$** | **37,334.78** |

# Wages Owed By Defendant Red Dot Corp., Inc.

SOL, Key Date (date case filed in court)  3/12/2001
State SOL, Cut-off Date  12/11/2001
Federal SOL, Cut-off Date  12/11/2004

| Week | Hours Worked Per Week | | | Actual Pay | Statutory Rates | | | | | NTFL Unpaid Wage Calculations | | | Total State Demand | #Days >10 | Min Wage | Spread Bonus Due | Spread Hours Calculations | | | CPLR Prejudgment Interest Calculations | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total Hrs Reg Hrs | Total Reg Hrs | Total OT Hrs | Amt Paid total | Wage | Reg Rate of Pay | Correct Regular Pay | Correct Overtime Rate | Correct Overtime Pay | Min Wage Pay | Correct Total Unpaid for Week | Damages | | | | | Spread Damages | Total Spread Demand | Total Weekly Amount Owed w/Spread | Days State Unpaid | Current date | Days Elapsed | Interest on Spread | Wages | Total Interest |

| Week | Hours Worked Per Week | | Actual Pay | Statutory Rates | | Correct Regular Pay | Correct Overtime Rate | Correct Overtime Pay | NTLL Unpaid Wage Calculations | | | | | Spread of Hours Calculations | | | | | | | | | CPLR Prejudgment Interest Calculations | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total Reg Hrs | Total OT Hrs | Amt Paid Total | Minimum Wage | Reg Rate of Pay | Correct Regular Pay | Correct Overtime Rate | Correct Overtime Pay | Unpaid Total for Week | Unpaid Wages Damages | State Damages | Wages + Damages | Total State Demand | #Days >10 | 8LD | #Days >10 | Min Wage | Spread Bonus Due | Spread Bonus Due | Spread Damages | Spread +Damages | Total Spread w/Damages | TOTAL OWED | Days Elapsed | Current date | State Unpaid Wages | Spread | State Interest | Spread Interest | Total Interest |
| 7/15/03 | 40 | 34 | $0.00 | $5.15 | $206.00 | $7.73 | $262.65 | $466.65 | | | $0.00 | $0.00 | | | $5.15 | $30.90 | $7.73 | $38.63 | $263.79 | | | $0.00 | | 5/27/08 | | | $0.00 | $0.00 | $0.00 |
| 7/22/03 | 40 | 34 | $288.52 | $5.15 | $206.00 | $7.73 | $262.65 | $466.65 | $180.13 | $45.03 | $225.16 | $225.16 | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $263.79 | | | | | 1735 | 5/27/08 | $178.58 | $13.44 | $14.54 | |
| 7/29/03 | 40 | 34 | $288.52 | $5.15 | $206.00 | $7.73 | $262.65 | $466.65 | $180.13 | $45.03 | $225.16 | $225.16 | 6 | $5.15 | $30.90 | $7.73 | $38.63 | $263.79 | | | | | 1743 | 5/27/08 | $177.68 | $13.37 | $14.48 | |
| ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... | ... |
| 7/13/04 | 40 | 0 | $0.00 | $5.15 | $206.00 | $7.73 | $262.65 | $466.65 | | | $0.00 | $0.00 | 0 | $5.15 | $30.90 | $7.73 | $38.63 | $263.79 | | | $0.00 | | 1394 | 5/27/08 | | | $0.00 | $0.00 | $0.00 |
| **Totals** | | | $0.00 | | | | | | $13,737.03 | $6,446.98 | $22,284.01 | | $4,171.90 | | | | | $1,042.98 | $5,214.88 | $37,499.79 | | | | $7,842.33 | $1,043.16 | $8,885.49 | | |

Unpaid Wages | State Damages | Wages + Damages | | Spread Bonus Due | Spread Damages | Spread +Damages | TOTAL OWED
State Interest | Spread Interest | TOTAL INTEREST

**TOTAL    $37,364.78**

Exhibit H
Checks Received from Christopher Miu



Exhibit I
Judge Karas Order of Dismissal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/06

Lucio Mendez

                    Plaintiff,

        -v-                                    Case No.06-cv-867 (KMK)

Nooch Inc. *A New York Corporation*           ORDER
                    Defendants.

KENNETH M. KARAS, District Judge:

        IT APPEARING that it has been reported to the Court that the above

captioned action has been settled,

        IT IS HEREBY ORDERED, that this action is discontinued, without cost,

and without prejudice to reopening if the settlement is not consummated within 30 days.

After 30 days, the discontinuance shall be with prejudice.

                                    SO ORDERED,

                                    KENNETH M. KARAS
                                    UNITED STATES DISTRICT JUDGE

Dated: New York, New York
        September *15* , 2006

# Exhibit J
## Elizabeth Wagoner Time Logs

Plaintiff Attorney Elizabeth Wageoner, Esq. of Make the Road New York, Inc.,
**Transcription of Contemporaneous Time Records**

| Date | Hours | Activity |
|---|---|---|
| 9/6/2007 | 2.00 | Drafted complaint |
| 10/4/2007 | 2.00 | Legal research on settlement |
| 10/5/2007 | 0.30 | Met with Make the Road colleagues to discuss the case |
| 10/18/2007 | 1.00 | Legal research on settlement |
| 10/23/2007 | 0.50 | Phone call with Justin Zeller |
| 10/24/2007 | 2.00 | Met with Lucio Mendez |
| 11/13/2007 | 3.00 | Revised complaint draft |
| 11/14/2008 | 2.00 | Revised and cite-checked complaint |
| 12/5/2007 | 0.50 | Met with Lucio Mendez |
| 12/10/2007 | 1.00 | Researched waiver of service and prepared complaint for filing |
| 12/10/2007 | 1.50 | Filed complaint in SDNY |
| 12/12/2007 | 0.50 | Emailed Amy Carroll and Deb Axt about service on Ds |
| 1/4/2008 | 2.00 | Prepared documents for substitute service on Ds + mailed |
| 1/14/2008 | 0.70 | Checked USPS website for status of mailings |
| 2/7/2008 | 4.00 | Prepared documents for personal service on all Ds |
| 3/8/2008 | 0.50 | Mailed letter to J. Stanton re: adjournment |
| 3/11/2008 | 0.30 | Filed affidavit of service on Janice Ong on ECF |
| 3/12/2008 | 0.10 | Phone call with Justin Zeller |
| 4/14/2008 | 0.50 | Called J. Stanton chambers to verify conference time |
| 4/17/2008 | 0.20 | Checked USPS website & printed receipts |
| 4/18/2008 | 2.00 | Conference before J. Stanton |
| 4/25/2008 | 1.00 | Met with Lucio Mendez |
| 4/28/2008 | 1.00 | Prepared default papers |
| 5/1/2008 | 4.00 | Prepared default papers |
| 5/6/2008 | 1.00 | Prepared default papers |
| 5/12/2008 | 0.50 | Prepared default papers |
| 5/17/2008 | 10.00 | Wrote Memo of Law for Default |
| 5/18/2008 | 8.00 | Wrote Memo of Law for Default |
| 5/23/2008 | 2.00 | Wrote Memo of Law for Default. |
| | | Met with Lucio Mendez to review draft. |
| 5/27/2008 | 2.00 | Assembled, copied, and filed default papers. |
| | 19.00 | TOTAL NON-ATTORNEY HOURS FOR ELIZABETH WAGONER |
| | 37.10 | TOTAL ATTORNEY HOURS FOR ELIZABETH WAGONER |
| | $1,425.00 | **TOTAL NON-ATTORNEY FEES REQUESTED BY PLAINTIFFS FOR WAGONER** |
| | $4,823.00 | **TOTAL ATTORNEY FEES REQUESTED BY PLAINTIFFS FOR WAGONER** |

# Exhibit K
# Amy Carroll Time Logs

Plaintiff Attorney Amy Carroll, Esq. of Make the Road New York, Inc.,
**Transcription of Contemporaneous Time Records**

| Date | Hours | Activity |
|---|---|---|
| 9/8/2007 | 1.00 | Reviewed and commented on draft complaint. |
| 10/5/2007 | 0.30 | Met with Make the Road colleagues to discuss the case |
| 12/10/2007 | 0.30 | Discussed case with Elizabeth Wagoner |
| 12/12/2007 | 0.30 | Discussed service issues with Elizabeth Wagoner. |
| 3/8/2008 | 0.20 | Reviewed letter to J. Stanton |
| 4/18/2008 | 2.00 | Conference before J. Stanton |
| 4/28/2008 | 0.50 | Discussed default with Elizabeth Wagoner. |
| 4/29/2008 | 0.50 | Reviewed draft of default papers |
| 5/1/2008 | 2.20 | Discussed default with Elizabeth Wagoner. |
| 5/23/2008 | 1.00 | Reviewed and discussed default papers. |
| 5/27/2008 | 1.10 | Reviewed and finalized papers. Prepared my affidavit. |
| | | |
| | 9.40 | TOTAL ATTORNEY HOURS FOR AMY CARROLL |
| | $1,692.00 | **TOTAL ATTORNEY FEES REQUESTED BY PLAINTIFFS FOR AMY CARROLL** |

# Exhibit L
# Proposed Order Granting Default Judgment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,                                   :

                    Plaintiff,      :    ECF Case
                               :    Docket Number 07 CV 11174

        -against-               :

                               :    **ORDER GRANTING**
NOOCH, INC.; RED DOT COM, INC. d/b/a/     :    **DEFAULT JUDGMENT**
Tangerine Restaurant and Café; and SUAN LAY   :
ONG, a.k.a. Janice Ong,                        :

                               :

             Defendants.        :

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      This action having been commenced on December 12, 2007, with the filing of a

Complaint; a copy of the Summons and Complaint having been duly served on Defendants

Nooch, Inc. and Red Dot Com, Inc.; Plaintiff having filed the Summons and proof of service on

April 8, 2008; said Defendants having failed to appear or other otherwise defend in this action,

and the time for said defendants to appear or otherwise defend this action having expired, and

said Defendants' default having been duly noted by the Clerk of the Court on April 25, 2008,

now, on motion of Elizabeth Wagoner, attorney for Plaintiff:

      It is hereby ORDERED and ADJUDGED that Plaintiff Lucio Mendez does recover of

Defendant Red Dot Com, Inc., with a corporate address located at 200 E. 89th St. Suite 44-S,

New York, NY 10128, the sum of $27,449.29, the amount claimed of unpaid wages and

liquidated damages, plus interest in the sum of $9,885.49, and attorneys fees in the sum of

$7,940.00, amount in all to the sum of $45,274.78; and, that the plaintiff have execution therefor.

It is further ORDERED and ADJUDGED that Plaintiff Lucio Mendez does recover of

Defendant Nooch, Inc., with a corporate address located at 143 Eighth Avenue, New York, NY

10011, the sum of $7,673.21, the amount claimed of unpaid wages and liquidated damages, plus

interest in the sum of $228.90, and attorney fees in the sum of $7940.00, amount in all to the sum

of $15,842.11; and, that the plaintiff have execution therefor.


Dated: New York, New York

      June ___, 2007


                        By: _____

                              U.S.D.J.


                              This document was entered

                              on the docket on _____.

Exhibit M
Clerk's Certificate

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,                                :

                        Plaintiff,            :          ECF Case
                                              :          Docket Number 07 CV 11174 *(LLS)*
                                              :
           -against-                          :
                                              :          **CLERK'S CERTIFICATE**
NOOCH, INC.; RED DOT COM., INC d/b/a/         :
Tangerine Restaurant and Café and SUAN LAY    :
ONG, a.k.a. Janice Ong,                       :
                                              :
                        Defendants.           :
                                              X

- - - - - - - - - - - - - - - - - - - - - - - - - - -

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on December 12, 2007 with the

filing of a summons and complaint. Duplicate copies of the summons and complaint, together with

the statutory fee, were served on Defendant Red Dot Com, Inc. on 3/24/2008 by personal delivery

to and leaving with an agent authorized by the secretary of state to receive service, Donna Christie,

at the office of the department of state in the city of Albany, pursuant to Business Corporation Law

§ 306.  Proof of such service thereof was filed on 4/8/2008.  Duplicate copies of the summons and

complaint, together with the statutory fee, were served on Defendant Nooch, Inc. on 3/24/2008 by

personal delivery to and leaving with an agent authorized by the secretary of state to receive service,

Donna Christie, at the office of the department of state in the city of Albany, pursuant to Business

Corporation Law § 306.  Proof of such service thereof was filed on 4/8/2008.

I further certify that the docket entries indicate that Defendants Red Dot Com, Inc. and

Nooch, Inc. have not filed an answer or otherwise moved with respect to the complaint herein. The

default of Defendants Red Dot Com, Inc. and Nooch, Inc. is hereby noted.

Dated: New York, New York
        April 25, 2008

                          **J. MICHAEL MCMAHON**
                          Clerk of the Court

                          By: _____

                              Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

LUCIO MENDEZ,                               :

                       Plaintiff,         :

                                                  :

-against-                                 :       ECF Case

NOOCH, INC.; RED DOT COM, INC. d/b/a/    :       Docket Number 07 CV 11174 (LLS)
Tangerine Restaurant and Café; and SUAN LAY  :
ONG, a.k.a. Janice Ong,              :

                      Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Elizabeth Wagoner (EW 2101)
Amy Carroll (AC 5640)
MAKE THE ROAD NEW YORK, INC.
301 Grove Street
Brooklyn, New York 11237
(718) 418-7690 x224

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 3

PRELIMINARY STATEMENT ........................................................................................ 5

LEGAL ARGUMENT........................................................................................................ 5

I.    Plaintiff Is Entitled to Entry of Default Judgment ............................................... 5

    A.    Allegations in Complaint Accepted as True ............................................... 5

    B.    Defendants Owe Plaintiff Wages ................................................................ 7


II.   Plaintiff Should Be Awarded Damages in the Amounts Explained Herein ........... 8

    A.    Fair Labor Standards Act Liquidated Damages ....................................... 9

    B.    New York Labor Law Liquidated Damages ............................................ 10

    C.    Statutes of Limitations.............................................................................. 10

    D.    CPLR Prejudgment Interest ..................................................................... 11

    E.    Explanation of Wages and Damages Calculations as to Red Dot Com, Inc..... 11

    F.    Explanation of Wages and Damages Calculations as to Nooch, Inc. ................ 11


III.  FLSA Claims Not Waivable Absent a Court-Approved Stipulation of Settlement
    and Fairness Review ...................................................................................... 13


IV.   Plaintiff Is Entitled to Attorneys Fees and Costs .......................................... 16


CONCLUSION ........................................................................................................... 16

## TABLE OF AUTHORITIES

### CASES

*Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28, 2006)

*Brock v. Wilamowsky*, 833 F.2d 11 (2d Cir. 1987)

*Chao v. Vidtape*, 196 F. Supp. 2d 281 (E.D.N.Y. 2002)

*D. A. Schulte v. Gangi*, 328 U.S. 108 (1946)

*Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. Mar. 19, 2008)

*Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)

*Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992)

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999)

*In re Cayuga Lumber, Inc.*, 2007 IBA No. PR 05-009 (September 27, 2007)

*Lynn's Food Stores v. United States*, 679 F.2d 1351 (11th Cir. 1982)

*Manning v. New York University*, 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. Aug. 21, 2001)

*McLaughlin v. Richland Shoe*, 486 U.S. 128 (1988)

*Mendez v. Nooch, Inc.*, SDNY 1:06-cv-00867 (KMK)(DCF)

*Overcash v. United Abstract Group, Inc.*, 2008 U.S. Dist. LEXIS 18272 (N.D.N.Y. Mar. 10, 2008)

*Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58 (2d Cir. 1997)

*Sampaio v. Boulder Rock Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007)

*Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir. 2002)

*Transatlantic Marine Claims Agency, Inc. v. ACE Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997)

*Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986)

*Xing v. Chandara Corp.*, 2001 U.S. Dist. LEXIS 8631 (S.D.N.Y. June 27, 2001)

*Yang v. ACBL Corp.*, 2005 U.S. Dist LEXIS 31567 (S.D.N.Y. Dec. 5, 2005)

*Zheng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004)

10, 2008)

## STATUTES

29 U.S.C. 206

29 U.S.C. 207(a)(1)

29 CFR 778.113

29 C.F.R. 778.108

29 CFR 778.5

29 U.S.C. §216(b)

29 U.S.C. § 255

Fed. R. Civ. P. 55(b)(2)

N.Y. Lab. L. § 198

N.Y. Lab. L. §§ 650 *et seq.*

N.Y. Lab. L. §661

N.Y. Lab. L. 663

12 N.Y.C.R.R. 142-2.1

12 N.Y.C.R.R. 142-2.2

12 N.Y.C.R.R. 142-2.4

12 N.Y.C.R.R. 142-2.6

C.P.L.R. §§ 5001; 5004.

## PRELIMINARY STATEMENT

This is an action for unpaid wages and damages for work performed for Defendants at

two New York City restaurants. This action was commenced on December 12, 2008, with the

filing of a Summons and Complaint. A copy of the Summons and Complaint was served on

Defendants Nooch, Inc. and Red Dot Com, Inc. by personal delivery to the office of the

Department of State in Albany, pursuant to Business Corporation Law §306. These Defendants

have not answered the complaint, and the time to do so has expired.

The Clerk of the Court noted the default of Defendants Nooch, Inc. and Red Dot Com,

Inc. on April 25, 2008. Plaintiff now moves for entry of default judgment and an order directing

Defendants to pay damages, and submits this Memorandum of Law in support.[1]

## LEGAL ARGUMENT

### I.    Plaintiff Is Entitled to Entry of Default Judgment

#### A.    Allegations in the Complaint Accepted as True

For purposes of a default motion, factual allegations set forth in the Complaint are

accepted as true. *Zheng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan.

7, 2004); *Guo Xing v. Chandara Corp.*, 2001 U.S. Dist. LEXIS 8631 (S.D.N.Y. June 27, 2001).

A party's default is deemed to constitute a concession of all well-pleaded allegations of liability.

*Overcash v. United Abstract Group, Inc.*, 2008 U.S. Dist. LEXIS 18272 (N.D.N.Y. Mar. 10,

2008), citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.

1992); *Transatlantic Marine Claims Agency, Inc. v. ACE Shipping Corp.*, 109 F.3d 105, 108 (2d

Cir. 1997).

---

[1] Plaintiff was unable to effect service on Defendant Suan Lay Ong a/k/a/ Janice Ong. Therefore, Plaintiff does not seek the entry of a default judgment against this Defendant.

A copy of the Complaint is attached to this Motion as Exhibit A, and is supplemented by Plaintiff Lucio Mendez's affidavit, attached as Exhibit C. Proofs of service are attached as Exhibit B. The facts alleged in Plaintiff's Complaint establish each of the elements of a violation of the provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") requiring the payment of minimum wages, overtime compensation, spread-of-hours compensation, and liquidated damages.

Plaintiff worked for Defendant Red Dot Com, Inc. for at least 74 hours per week at a rate of $400.00 per week with no overtime premium and no spread-of-hours wages. Pl. Compl. ¶¶ 10, 12, 14, 17, 19 – 21. Beginning in mid-May 2003 through the end of his employment for Red Dot Com, Inc. in July 2004, Plaintiff was paid wages in an irregular fashion, resulting in an hourly wage less of than the minimum wage of $5.15 per hour, Pl. Compl. ¶¶ 24 – 31.

Plaintiff worked for Nooch, Inc. for $400.00 per week with no overtime premium and no spread-of-hours wages. Pl. Compl. ¶¶ 40, 43 – 45. During approximately his first five weeks at Nooch, Plaintiff worked approximately 111 hours per week. Pl. Aff. ¶ 23, Pl. Compl. ¶ 41. During his second month, Plaintiff worked approximately 95 hours per week. Pl. Aff. ¶ 24, Pl. Compl. ¶ 41. For two months thereafter, Plaintiff worked approximately 93 hours per week. Pl. Aff. ¶ 25, Pl. Compl. ¶ 41. For the rest of his time at Nooch, Plaintiff worked approximately 92 hours per week. Pl. Aff. ¶ 26, Pl. Compl. ¶ 41. Defendants' failure to pay minimum wages, overtime wages, and spread-of-hours wages was willful. Pl. Compl. ¶¶ 49, 50, 69, 72, 77, 80, 84, 88.

**B.      Defendants Owe Plaintiff wages**

**i.      Minimum Wages**

Under both federal and state law, Plaintiff was entitled to a minimum wage at the rate of

$5.15 per hour from the commencement of his employment for Defendants through January 1,

2005.  Thereafter, the federal minimum wage stayed the same and the state minimum wage rose

to $6.00 per hour. 29 U.S.C. §206; N.Y. Lab. L. 652, *see also Tran v. Alphonse Hotel Corp.*, 281

F.3d 23, 31 (2d Cir. 2002).  When an employee is paid a weekly salary, his rate of pay is

computed by dividing the salary by the number of hours which the salary is intended to

compensate. 29 C.F.R. 778.108.  Based on Plaintiff's weekly salary of $400.00 and weekly

schedule of 74 hours, his regular rate of pay was $5.41 from December 2001 through mid-May

2003 for Defendant Red Dot Com, Inc.  Thus, for this period, there was no minimum wage

violation.  From mid-May 2003 through July 2004, he was paid as little as $200.00 per week for

74 hours of work, an effective hourly rate of $2.70 per hour.  From September 2004 through

March 2005, when he worked for Defendant Nooch, Inc., his effective hourly rate was between

$3.60 and $4.35 per hour.  Therefore, Plaintiff's regular rate of pay from May 2003 onwards was

below the required minimum wage under the FLSA and the NYLL.

**ii.      Overtime Compensation**

When an employee works more than 40 hours in a workweek, he must be paid no less

than one and one-half times the regular rate of pay for each hour worked in excess of 40. 29

U.S.C. 207(a)(1); 12 N.Y.C.R.R. 142-2.2.  If his regular rate of pay is less than the minimum

wage, the overtime rate is calculated based on the minimum wage.  Federal law provides that if

the state minimum wage is higher than the federal minimum wage, the federal overtime rate is

calculated as one and one-half the state minimum wage.  29 CFR 778.5.  When an employee is

7

paid a weekly wage, the promised weekly wage does not include the overtime premium. *See* 29

CFR 778.113; 12 NYCRR 142-2.2; *see also Yang v. ACBL Corp.*, 2005 U.S. Dist LEXIS 31567

at \*11 (S.D.N.Y. Dec. 5, 2005); *see also In re Cayuga Lumber, Inc.*, 2007 IBA No. PR 05-009

(September 27, 2007).  Because Defendants paid Plaintiff his regular rate of pay for all hours

worked and no overtime premium for his 34 hours of overtime per week, Plaintiff is entitled to

the unpaid overtime premium for these overtime hours.

### iii.    Spread-of-Hours Wages

In addition, under New York Labor Law, an employer is required to pay an additional

hour of pay at the minimum wage for each day that the employee works for more than ten hours

("spread of hours" wages). *See* N.Y. Lab. Law §§ 650 et seq.; 12 N.Y.C.R.R. 142-2.4. Plaintiff

worked more than 10 hours per day between six to seven days per week.  Because he was not

paid a bonus hour at the minimum wage rate, Defendants have also violated the spread-of-hour

provisions of the NYLL.

These uncontested facts establish Defendants' liability for violations of the FLSA and the

NYLL.  Plaintiff is therefore entitled to the entry of default judgment against Defendants Red

Dot Com, Inc. and Nooch, Inc.

## II.    Plaintiff Should Be Awarded Damages in the Amounts Explained Herein

As demonstrated above, the well-pled allegations in the Complaint support an entry of

judgment for Defendants' violations of federal and state labor law.  However, a party entitled to

judgment by default is required to prove the amount of damages that should be awarded. *Flaks v.*

*Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).  Herein, Plaintiff explains the calculations and basis

for entry of a judgment in the amounts set forth in Plaintiff's Statement of Damages.

In reaching its decision, the court may rely on detailed affidavits or documentary evidence to evaluate the proposed sum. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). *See also* Fed.R.Civ.P. 55(b)(2) ("the court may conduct such hearings ... as it deems necessary and proper"). The court may, but need not, make the determination through a hearing. To prove his damages, Plaintiff submits his affidavit, his Contemporaneous Records of Weeks Worked and Wages Paid (*see* Exhibit D), and a Statement of Damages and Unpaid Wage Spreadsheet, a mathematical calculation of wages and damages owed based on the allegations set forth in the complaint and in Plaintiff's affidavit (*see* Exhibit G).

Notably, federal and state law imposes the duty to maintain records of hours worked and wages paid on the employer, not the employee. 12 N.Y.C.R.R. 142-2.6; N.Y. Lab. L. §661; 29 U.S.C. § 211(c); 29 C.F.R. § 516. In light of this, the FLSA provides that where an employer fails to maintain accurate records or, where as here, no records have been produced as a consequence of defendants' default, the "plaintiff['s] recollection and estimates of hours worked are presumed to be correct." *See Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 at *8 (S.D.N.Y. Jan. 7, 2004); *Chao v. Vidtape*, 196 F. Supp. 2d 281, 293-94 (E.D.N.Y. 2002).

### A.    Fair Labor Standards Act Liquidated Damages

An employer who violates FLSA's minimum wage and overtime requirements is liable for any unpaid minimum wages or overtime compensation "and an additional equal amount as liquidated damages." 29 U.S.C. §216(b). Liquidated damages are mandatory under the FLSA, unless the employer shows that it acted in good faith and that there were reasonable grounds for believing that the act or omission was not a violation of the FLSA. 29 U.S.C. §260. To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999). "[T]he

9

burden... 'is a difficult one to meet, however, and double damages are the norm, single damages

the exception.'" *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997)

(*quoting Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987), *Walton v. United Consumers

Club, Inc.*, 786 F.2d 303 (7th Cir. 1986)).  Therefore, in addition to his unpaid minimum wages

arising under the FLSA, Plaintiff is entitled to 100% liquidated damages on the portions of his

claim which arise under the FLSA.

### B.      New York Labor Law Liquidated Damages

Under the New York Labor Law, an employee may be awarded liquidated damages

constituting an additional 25% of the total wages owed by the employer "upon a finding that the

employer's failure to pay the wage[s] required ... was willful." N.Y. Lab. L. §198. Furthermore,

the factual allegations of willfulness in the complaint are uncontested. Therefore, in addition to

his unpaid wages, Plaintiff is entitled to 25% liquidated damages on the portions of his claim

which arise under the NYLL.

### C.      Statutes of Limitations

The statute of limitations under the FLSA is two years, or three years for willful

violations.  29 U.S.C. § 255.  When a defendant has defaulted, willfulness under FLSA may be

inferred. *Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28,

2006), *citing McLaughlin v. Richland Shoe*, 486 U.S. 128, 133 (1988).  Thus, in this case, the

three-year statute of limitation applies.  The NYLL imposes a six-year statute of limitations.

N.Y. Lab. L. § 198(3) (wage payment); § 663(3) (minimum wage).

Thus, for the three years prior to the filing date, Plaintiff has claims that arise under both

federal and state law.  For such periods, Plaintiff does not seek to "double dip" – for instance,

claiming the full unpaid minimum wage under state law then again under federal law.  Rather,

Plaintiff seeks to recover the full federal unpaid wages owed, plus federal liquidated damages, and then any *additional* wages owed under state law, plus state liquidated damages. This is explained in more detail below, in the sections discussing the wage calculations for both corporate defendants.

**D.     CPLR Prejudgment Interest**

Finally, New York law provides for the reimbursement of interest earned on withheld wages and overtime. C.P.L.R. § 5001. Under Section 5001, interest accrues at 9% per annum computed on a simple interest basis interest from "the earliest ascertainable date the cause of action existed." C.P.L.R §§ 5001; 5004. Therefore, Plaintiff is entitled to 9% simple interest per year for each week in which he is owed wages under state law.

**E.     Explanation of Wages and Damages Calculations as to Red Dot Com, Inc.**

As indicated above, Plaintiff worked rant for Red Dot Com, Inc. from December 12, 2001 through July 2004, which gives rise to New York State wage claims. All calculations of wages and damages against Red Dot Com, Inc. in the Unpaid Wage Spreadsheet (attached as Exhibit G) are calculated based on Plaintiff's regular salary of $400.00. As explained above, this weekly rate is divided by the number of hours he worked that week to determine his "regular rate of pay," which then determines whether there is either a minimum wage violation and/or an overtime violation. Where the calculated regular rate of pay is less than $5.15 per hour, there is a minimum wage violation and the calculations are based on the minimum wage rate. Where it is above the minimum wage, then that regular rate of pay is used as the basis for the overtime calculations.

For example, Plaintiff worked approximately 74 hours per week for Defendant Red Dot Com, Inc., of which 34 hours were overtime hours. He worked more than 10 hours per day six

days per week. Until mid-May 2003, he was paid $400.00 per week for this work. This results in a regular rate of pay of $400.00/74 hours, or $5.41 per hour. His overtime rate of pay should have been $5.41 x 1.5, or $8.11. Thus, Plaintiff's "Correct Regular Pay" each week was $5.41 x 40 = $216.22, and his "Correct Overtime Pay" each week was $8.11 x 34 = $275.68. In total, Plaintiff should have been paid $216.22 + $275.68 = $491.89 per week. Because he was paid $400.00 per week, this leaves $91.89 in unpaid wages per week.

Plaintiff also worked more than 10 hours per day 6 days per week, which entitles him to an extra hour of bonus pay at the minimum wage rate for each of those days. This adds up to 6 x $5.15 = $30.90 in unpaid spread of hours wages per week. This calculation is the same per week for 74 weeks, from December 12, 2001 through May 12, 2003.

Beginning in mid-May 2003 and lasting through the end of his employment in July 2004, Plaintiff was paid different amounts per week. In total, over this 61-week period, Plaintiff was paid $17,600.00, which is an average of $288.52 per week. The Unpaid Wage Spreadsheet uses this average number in the "Amount Paid Total" column. Because this brings Plaintiff's wages below the then-minimum of $5.15, the spreadsheet uses the minimum wage as the regular rate of pay and $7.73 as the overtime rate.

At the minimum wage, Plaintiff should have received $206.00 for his first 40 hours of work and $262.65 for the 34 hours of overtime, a total of $468.65. Subtracting the average of $288.52 paid, we are left with $180.13 unpaid for each week. The spread-of-hours calculation is unchanged: $30.90 per week. This calculation is the same per week for 61 weeks, from May 12, 2003 through July 9, 2004.

Based on these calculations, Defendant Red Dot Com, Inc. owes Plaintiff $27,449.29 in NYLL wages and damages for his work. This Defendant further owes Plaintiff $9,885.49 in CPLR prejudgment interest, a total of $37,334.78.

### F.     Explanation of Wages and Damages Calculations as to Nooch, Inc.

Plaintiff worked for Defendant Nooch, Inc. from September 2004 through March 2005. Thus, that whole period is covered under state law. The period from December 12, 2005 through March 20, 2005 is also covered under federal law.

Starting in September 2004, Plaintiff worked for 111 hours per week in the first five weeks, 95 hours per week for the next month, 93 hours per week in the next two months, and 92 hours per week thereafter. He was paid $400.00 per week for this work. The methodology for calculating the wages owed prior to December 12, 2004 is the same described above for Red Dot Com, Inc., because the claim arises solely under state law. The only differences are the following. First, the number of hours worked is higher during the Nooch period, resulting in higher unpaid wages. Second, the settlement proceeds from the first litigation have been applied to the unpaid wages from this period (*see* Exhibit H). This is reflected in the Unpaid Wage Spreadsheet in the column labeled "Nooch Settlement." The circumstances surrounding the settlement are described in more detail below.

The calculations change after December 12, 2004 through the end of Plaintiff's employment for Nooch, Inc. (indicated by the thick black line). This portion of the claim falls within the three-year FLSA statute of limitations. Thus, Plaintiff in this period has claims under both federal and state law.

For this period, Plaintiff claims his full unpaid federal minimum wages, unpaid federal overtime wages, and an additional equal amount as federal liquidated damages on the unpaid

federal wages.  He also seeks to recover the additional state wages owed for this period, called

the state "incremental" damages in the Unpaid Wage Spreadsheet.  In this instance, the

additional state claim is comprised of the difference between the state minimum wage, $6 per

hour after January 1, 2005, and the federal minimum wage of $5.15 per hour.  Plaintiff also seeks

to recover spread of hours pay for this period.  Finally, Plaintiff seeks state liquidated damages

and interest on the state portion of his claim for the period.

    As set forth in the Unpaid Wage Spreadsheet calculations, Defendant Nooch, Inc. owes

Plaintiff $7,338.55 in FLSA wages and damages, $334.66 in NYLL wages and damages, and

$228.90 in CPLR prejudgment interest, for a total of $7,902.11.

## III.    FLSA Claims Not Waivable Absent a Court-Approved Stipulation of Settlement and Fairness Review

    By prior counsel, Plaintiff filed suit against Nooch, Inc. for his unpaid wages on February

2, 2006. *See Mendez v. Nooch, Inc.*, SDNY 1:06-cv-00867 (KMK)(DCF).  Wagoner Decl. ¶ 16.

An individual named Christopher Miu, who identified himself as an accountant for Nooch, Inc.,

contacted Plaintiff's prior counsel seeking to settle the lawsuit. Wagoner Decl. ¶ 17. A settlement

agreement was executed between Plaintiff and Christopher Miu for Nooch, Inc. by which

Plaintiff was paid $2,862.00 representing back wages, and $2,862.00 representing liquidated

damages.  Wagoner Decl. ¶ 18. (*See* Exhibit H annexed hereto).  Upon receiving notice of the

settlement, Judge Kenneth Karas ordered a discontinuance of the action with prejudice, and the

case was closed.  Wagoner Decl. ¶ 19. (*See* Exhibit I).

    The settlement agreement did not constitute a valid waiver of Plaintiff's FLSA claims

and does not bar the present action.  Under the FLSA, there are only two ways by which an

individual may release or settle a FLSA claim: i) a settlement supervised by the Department of

Labor pursuant to 29 U.S.C. § 216(c), or ii) upon the district court's entry of a stipulated

judgment after scrutinizing the settlement for fairness. *Sampaio v. Boulder Rock Creek*, 2007

U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007), *citing Lynn's Food Stores v. United States*,

679 F.2d 1351 (11th Cir. 1982); *D. A. Schulte v. Gangi*, 328 U.S. 108 (1946). To give effect to

an employee's waiver of rights under the FLSA, "a court must scrutinize the settlement for

fairness and determine that the settlement is a fair and reasonable resolution of a bona fide

dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353. A settlement for less than

the unpaid wages and damages owed, without a fairness review, is "in clear derogation of the

letter and spirit of the FLSA." *Id.* at 1354. Public policy concerns prevent unsupervised

settlements of FLSA claims. As the United States Supreme Court observed in *Schulte*, judicial

scrutiny serves as a necessary check against an employer's unequal bargaining power, and

safeguards the overarching purpose of the FLSA, which is to "secure for the lowest paid segment

of the nation's workers a subsistence wage." 328 U.S. at 115 – 116.

Recent opinions from the Southern and Eastern Districts of New York offer guidance as

to the substance of a judicial fairness review in the FLSA context. *See Sampaio v. Boulder Rock

Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. 2007) (conducting fairness review of proposed

settlement of FLSA claim); *Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090

(S.D.N.Y. Mar. 19, 2008) (same); *Manning v. New York University*, 2001 U.S. Dist. LEXIS

12697 (S.D.N.Y. Aug. 21, 2001) (analogizing settlement of ADEA claim to FLSA context).

In this case, the lack of a fairness review precludes a valid waiver of Plaintiff's FLSA

claims. Indeed, the $5,725.00 settlement represents less than half of the amount Plaintiff is

currently owed. A judge conducting a fairness review could well have concluded that a

settlement for such a small amount of the total owed failed to protect Plaintiff's right to a

subsistence wage.  In any case, a fairness review was not conducted, and thus the settlement

agreement cannot not now bar Plaintiff's claim for the remaining wages and damages owed.

Based on these facts, and as set forth in the Statement of Damages and Unpaid Wage

Spreadsheet, annexed hereto as Exhibit G, Defendant Nooch, Inc. owes Plaintiff $7,338.55 in

FLSA wages and damages, $334.66 in NYLL wages and damages, and $228.90 in CPLR

prejudgment interest, for a total of $7,902.11.  Defendant Red Dot Com, Inc. owes Plaintiff

$27,449.29 in NYLL wages and damages and $9,885.49 in CPLR prejudgment interest, a total of

$37,334.78.

## IV.    Plaintiff Is Entitled to Attorneys Fees

Plaintiffs also seek attorneys' fees. 29 U.S.C. 216(b); N.Y. Lab. §198(1-a), 663(1).  The

amounts sought are set forth in the Declarations of Elizabeth Wagoner and Amy Carroll, and

amount to a total of $7940.00.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to entry of default judgment against

Defendants Nooch, Inc. and Red Dot Com, Inc. in the amounts set forth above.

Dated: Brooklyn, New York
       May 27, 2007

Respectfully Submitted,
MAKE THE ROAD NEW YORK, INC.
Attorneys for Plaintiffs
301 Grove Street
Brooklyn, New York 11237
(718) 418-7690


By: Elizabeth Wagoner (EW 2101)

**TABLE OF EXHIBITS**

Exhibit A: Complaint
Exhibit B: Proof of Service
Exhibit C: Affidavit of Lucio Mendez
Exhibit D: Lucio Mendez Contemporaneous Records of Weeks Worked and Wages Paid
Exhibit E: Declaration of Amy Carroll
Exhibit F: Declaration of Elizabeth Wagoner
Exhibit G: Statement of Damages and Unpaid Wage Spreadsheet
Exhibit H: Checks Received from Christopher Miu
Exhibit I: Judge Karas Order of Dismissal
Exhibit J: Elizabeth Wagoner time logs
Exhibit K: Amy Carroll time logs
Exhibit L: Proposed Order Granting Default Judgment
Exhibit M: Clerk's Certificate



May 27, 2008

<u>VIA ECF AND U.S. MAIL</u>

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

 *Re: Mendez v. Nooch, Inc. et al, 07 CV 11174 (LLS)*

Dear Judge Stanton,

  I represent the plaintiff in the above-titled action.  Please find enclosed a courtesy copy of Plaintiff's Motion for Entry of Default Judgment and Award of Damages and supporting exhibits.  I apologize for the delay in submitting these materials.  My supervisor, Amy Carroll, whose declaration was necessary for this motion, was out of the office for two weeks in May for vacation and then because of an unexpected illness.

  Thank you very much for your attention to this matter.

       Warm Regards,

       Elizabeth Wagoner
       718-565-8103 x25

CC:

Nooch, Inc.
143 8th Ave.
New York, NY 10011

Red Dot Com, Inc.
200 E. 89th St. Suite 44-S
New York, NY 10128

www.maketheroadny.org

| 301 GROVE STREET | 49-06 SKILLMAN AVENUE | 71-24 ROOSEVELT AVENUE | 479 PORT RICHMOND AVENUE |
| BROOKLYN, NY 11237 | WOODSIDE, NY 11377 | JACKSON HEIGHTS, NY 11372 | STATEN ISLAND, NY 10302 |
| TEL 718 418 7690 | TEL 718 565 8500 | TEL 718 565 8103 | TEL 718 727 1222 |
| FAX 718 418 9635 | FAX 454 0646 | FAX 718 651 3828 | FAX 718 981 8077 |