UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

LUCIO MENDEZ,

                     Plaintiff,

-against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                     Defendants.

------------------------------------------------x

ECF Case
Docket Number 07 CV 11174 (LLS)

**DECLARATION OF ELIZABETH WAGONER IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT**

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF KINGS      )

Elizabeth Wagoner, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and an employee of Make the Road New York, Inc., attorneys for Plaintiff in the above-entitled action. I am familiar with all the facts and circumstances contained herein.

2. I make this declaration pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiff's motion for the entry of a default judgment against defendant.

**Procedural History**

3. This is an action for unpaid wages owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, ("FLSA") and New York Labor Law §190 *et seq.* and §650 *et seq.* ("NYLL").

1

4. Jurisdiction of the subject matter of this action is based on federal question and supplemental jurisdiction.

5. This action was commenced on December 12, 2007 by the filing of a Complaint, which is attached as Exhibit A.

6. A copy of the Summons and Complaint was served on Defendants Nooch, Inc. and Red Dot Com, Inc. on March 24, 2008, by personal delivery to an agent authorized by the secretary of state to receive service, Donna Christie, at the office of the department of state in the city of Albany, pursuant to Business Corporation Law §306. Plaintiffs filed the Proof of Service, attached as Exhibit B, on April 8, 2008.

7. Plaintiff was unable to effect service on Defendant Suan Lay Ong.

8. Defendants Nooch, Inc. and Red Dot Com, Inc. have not answered the Complaint, and the time for these Defendants to answer the Complaint has expired.

9. This action seeks judgment for the amount of $37,334.78 against Defendant Red Dot Com, Inc. and $7,902.11 against Defendant Nooch, Inc., as shown by the Statement of Damages and Exhibit G, Unpaid Wage Spreadsheet, which is justly due and owing, and no part of which has been paid except as therein set forth.

**Calculations Generally**

10. I created the Unpaid Wage Spreadsheet based on the data contained in the Complaint and in the Affidavit of Lucio Mendez, attached to Plaintiff's Memorandum of Law as Exhibit C.

11. Please note that for the purpose of simplicity, the numbers I use in this declaration are rounded to two decimal points. In some instances this may give the appearance of arithmetical errors. However, all numbers I use are based on the figures in the spreadsheet, which are not rounded to the nearest decimal and are therefore more exact.

12. This spreadsheet calculates unpaid wages and damages on a weekly basis.

13. Plaintiff seeks 25% NYLL damages on his state law claims and 100% FLSA damages on his FLSA claims. Where there are both FLSA and NYLL claims for a given week, Plaintiff seeks to recover the full unpaid federal wages, plus federal damages, and any additional wages owed under the NYLL, plus New York damages on the wages.

14. Regarding prejudgment interest owed pursuant to C.P.L.R. § 5001, the spreadsheet computes the interest accrued on Plaintiff's unpaid wages on a weekly basis at 9% per annum. The "the earliest ascertainable date the cause of action existed" is assumed to be the end of each week in which wages are owed. Interest is calculated on the NYLL portion of unpaid wages only, and not on the 25% NYLL damages or on any wages or damages owed pursuant to the FLSA.

15. More specific examples and descriptions of the wage calculations are contained in the Memorandum of Law and in the Unpaid Wage Spreadsheet attached as Exhibit G.

**Settlement of Prior Lawsuit**

16. By his previous attorney, Justin Zeller, Plaintiff filed a lawsuit in 2006 to recover his unpaid wages from Nooch, Inc.

17. An individual named Christopher Miu, who identified himself as an accountant for Nooch, Inc., contacted Mr. Zeller seeking to settle the lawsuit.

18. A settlement agreement was executed between Plaintiff and Christopher Miu for Nooch, Inc., by which Plaintiff was paid $2,862.00 representing back wages, and $2,862.00 representing liquidated damages. (*See* Exhibit H annexed hereto).

19. Upon receiving notice of the settlement, Judge Kenneth Karas ordered a discontinuance of the action with prejudice, and the case was closed. (*See* Exhibit I).

**Attorney's Fees**

20. Plaintiff is entitled to attorney fees and costs.

21. I spent 19.00 hours working on this matter prior to my admission to the New York Bar on January 31, 2008.

22. I spent 37.10 hours working on this matter after my admission.

23. I have calculated my hours based on time logs which were contemporaneously recorded by hand and stored in my client's file. A typewritten description of these logs is attached as Exhibit J. I attest that this Exhibit accurately reflects the content of the contemporaneously recorded logs in my files.

24. I am seeking fees for work required of me in this matter and have exercised billing judgment in reducing the number of hours expended.

25. Plaintiffs submit my hourly rate at $75 an hour prior to my admission to the New York Bar, and $130 an hour thereafter. These amounts are based on the hourly rate of $75 for paralegals and $130 to $150 for attorneys with one to three years of experience. *Marisol v. Giuliani*, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000). My average experience over the course of this litigation was over two years as a law student and law graduate and less than one year as an attorney. At these rates, Plaintiffs request a total of $6248.00 in fees for my time in this matter.

WHEREFORE, Plaintiff requests the entry of Default and the entry of the annexed Judgment against Defendants Nooch, Inc. and Red Dot Com, Inc.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Brooklyn, New York
  May 27, 2008

_____
Elizabeth Wagoner (EW 2101)

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

LUCIO MENDEZ,

                        Plaintiff,

            -against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                       Defendants.

------------------------------------------------x

ECF Case
Docket Number 07-cv-11174

**DECLARATION OF AMY CARROLL**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF KINGS      )

      AMY CARROLL, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and an employee of Make the Road New York, Inc., attorneys for Plaintiff in the above-entitled action. I am familiar with all the facts and circumstances in this action.

2. I make this declaration in support of Plaintiff's petition for an award of attorney fees and costs against Defendants Nooch, Inc. and Red Dot Com, Inc.

3. I have spent 9.4 hours working on this matter. I have calculated my hours based on time logs which were contemporaneously recorded by hand and stored in my client's file. I attest that this figure of hours accurately reflects the content of the contemporaneously recorded logs in my files.

4. I am seeking fees for work required of me in this matter and have exercised billing judgment in reducing the number of hours expended.

5.  I was admitted to practice law in the State of New York in November 2004.

6.  Plaintiff submits my hourly rate at $180 an hour for attorneys with four to six years of experience.  Marisol v. Giuliani, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000).

7.  I request an award of $1,692.00 attorney's fees for my time spent on this case.


I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Brooklyn, New York
       May 27, 2008

_____
Amy Carroll (AC 5640)