UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
 :
LUCIO MENDEZ, :
 :
                Plaintiff, :
 :
-against- :
 : ECF Case
NOOCH, INC.; RED DOT COM, INC. d/b/a/ : Docket Number 07 CV 11174 (LLS)
Tangerine Restaurant and Café; and SUAN LAY :
ONG, a.k.a. Janice Ong, :
 :
                Defendants. :
 :
------------------------------------- x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>**


                                                  Elizabeth Wagoner (EW 2101)
                                                  Amy Carroll (AC 5640)
                                                  MAKE THE ROAD NEW YORK, INC.
                                                  301 Grove Street
                                                  Brooklyn, New York 11237
                                                  (718) 418-7690 x224

                                                  *Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... 3
**PRELIMINARY STATEMENT** ............................................................................................. 5
**LEGAL ARGUMENT**............................................................................................................. 5
**I.   Plaintiff Is Entitled to Entry of Default Judgment** ..................................................... 5
      A.   Allegations in Complaint Accepted as True ........................................................ 5
      B.   Defendants Owe Plaintiff Wages .......................................................................... 7

**II.   Plaintiff Should Be Awarded Damages in the Amounts Explained Herein** ................... 8
      A.   Fair Labor Standards Act Liquidated Damages ...................................................... 9
      B.   New York Labor Law Liquidated Damages ......................................................... 10
      C.   Statutes of Limitations............................................................................................ 10
      D.   CPLR Prejudgment Interest.................................................................................... 11
      E.   Explanation of Wages and Damages Calculations as to Red Dot Com, Inc..... 11
      F.   Explanation of Wages and Damages Calculations as to Nooch, Inc. ................. 11

**III.   FLSA Claims Not Waivable Absent a Court-Approved Stipulation of Settlement
      and Fairness Review** ................................................................................................ 13

**IV.   Plaintiff Is Entitled to Attorneys Fees and Costs** ....................................................... 16

**CONCLUSION** ........................................................................................................................ 16

## TABLE OF AUTHORITIES

### CASES

*Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28, 2006)

*Brock v. Wilamowsky*, 833 F.2d 11 (2d Cir. 1987)

*Chao v. Vidtape*, 196 F. Supp. 2d 281 (E.D.N.Y. 2002)

*D. A. Schulte v. Gangi*, 328 U.S. 108 (1946)

*Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. Mar. 19, 2008)

*Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)

*Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992)

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999)

*In re Cayuga Lumber, Inc.*, 2007 IBA No. PR 05-009 (September 27, 2007)

*Lynn's Food Stores v. United States*, 679 F.2d 1351 (11th Cir. 1982)

*Manning v. New York University*, 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. Aug. 21, 2001)

*McLaughlin v. Richland Shoe*, 486 U.S. 128 (1988)

*Mendez v. Nooch, Inc.*, SDNY 1:06-cv-00867 (KMK)(DCF)

*Overcash v. United Abstract Group, Inc.*, 2008 U.S. Dist. LEXIS 18272 (N.D.N.Y. Mar. 10, 2008)

*Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58 (2d Cir. 1997)

*Sampaio v. Boulder Rock Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007)

*Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir. 2002)

*Transatlantic Marine Claims Agency, Inc. v. ACE Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997)

*Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986)

*Xing v. Chandara Corp.*, 2001 U.S. Dist. LEXIS 8631 (S.D.N.Y. June 27, 2001)

*Yang v. ACBL Corp.*, 2005 U.S. Dist LEXIS 31567 (S.D.N.Y. Dec. 5, 2005)

*Zheng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004)

10, 2008)

## STATUTES

29 U.S.C. 206

29 U.S.C. 207(a)(1)

29 CFR 778.113

29 C.F.R. 778.108

29 CFR 778.5

29 U.S.C. §216(b)

29 U.S.C. § 255

Fed. R. Civ. P. 55(b)(2)

N.Y. Lab. L. § 198

N.Y. Lab. L. §§ 650 *et seq.*

N.Y. Lab. L. §661

N.Y. Lab. L. 663

12 N.Y.C.R.R. 142-2.1

12 N.Y.C.R.R. 142-2.2

12 N.Y.C.R.R. 142-2.4

12 N.Y.C.R.R. 142-2.6

C.P.L.R. §§ 5001; 5004.

## PRELIMINARY STATEMENT

This is an action for unpaid wages and damages for work performed for Defendants at two New York City restaurants. This action was commenced on December 12, 2008, with the filing of a Summons and Complaint. A copy of the Summons and Complaint was served on Defendants Nooch, Inc. and Red Dot Com, Inc. by personal delivery to the office of the Department of State in Albany, pursuant to Business Corporation Law §306. These Defendants have not answered the complaint, and the time to do so has expired.

The Clerk of the Court noted the default of Defendants Nooch, Inc. and Red Dot Com, Inc. on April 25, 2008. Plaintiff now moves for entry of default judgment and an order directing Defendants to pay damages, and submits this Memorandum of Law in support.[1]

## LEGAL ARGUMENT

**I.      Plaintiff Is Entitled to Entry of Default Judgment**

      **A.      Allegations in the Complaint Accepted as True**

For purposes of a default motion, factual allegations set forth in the Complaint are accepted as true. *Zheng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004); *Guo Xing v. Chandara Corp.*, 2001 U.S. Dist. LEXIS 8631 (S.D.N.Y. June 27, 2001). A party's default is deemed to constitute a concession of all well-pleaded allegations of liability. *Overcash v. United Abstract Group, Inc.*, 2008 U.S. Dist. LEXIS 18272 (N.D.N.Y. Mar. 10, 2008), citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Transatlantic Marine Claims Agency, Inc. v. ACE Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997).

---

[1] Plaintiff was unable to effect service on Defendant Suan Lay Ong a/k/a/ Janice Ong. Therefore, Plaintiff does not seek the entry of a default judgment against this Defendant.

A copy of the Complaint is attached to this Motion as Exhibit A, and is supplemented by Plaintiff Lucio Mendez's affidavit, attached as Exhibit C. Proofs of service are attached as Exhibit B. The facts alleged in Plaintiff's Complaint establish each of the elements of a violation of the provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") requiring the payment of minimum wages, overtime compensation, spread-of-hours compensation, and liquidated damages.

Plaintiff worked for Defendant Red Dot Com, Inc. for at least 74 hours per week at a rate of $400.00 per week with no overtime premium and no spread-of-hours wages. Pl. Compl. ¶¶ 10, 12, 14, 17, 19 – 21. Beginning in mid-May 2003 through the end of his employment for Red Dot Com, Inc. in July 2004, Plaintiff was paid wages in an irregular fashion, resulting in an hourly wage less of than the minimum wage of $5.15 per hour, Pl. Compl. ¶¶ 24 – 31.

Plaintiff worked for Nooch, Inc. for $400.00 per week with no overtime premium and no spread-of-hours wages. Pl. Compl. ¶¶ 40, 43 – 45. During approximately his first five weeks at Nooch, Plaintiff worked approximately 111 hours per week. Pl. Aff. ¶ 23, Pl. Compl. ¶ 41. During his second month, Plaintiff worked approximately 95 hours per week. Pl. Aff. ¶ 24, Pl. Compl. ¶ 41. For two months thereafter, Plaintiff worked approximately 93 hours per week. Pl. Aff. ¶ 25, Pl. Compl. ¶ 41. For the rest of his time at Nooch, Plaintiff worked approximately 92 hours per week. Pl. Aff. ¶ 26, Pl. Compl. ¶ 41. Defendants' failure to pay minimum wages, overtime wages, and spread-of-hours wages was willful. Pl. Compl. ¶¶ 49, 50, 69, 72, 77, 80, 84, 88.

**B.     Defendants Owe Plaintiff wages**

    **i.     Minimum Wages**

Under both federal and state law, Plaintiff was entitled to a minimum wage at the rate of $5.15 per hour from the commencement of his employment for Defendants through January 1, 2005. Thereafter, the federal minimum wage stayed the same and the state minimum wage rose to $6.00 per hour. 29 U.S.C. §206; N.Y. Lab. L. 652, *see also Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002). When an employee is paid a weekly salary, his rate of pay is computed by dividing the salary by the number of hours which the salary is intended to compensate. 29 C.F.R. 778.108. Based on Plaintiff's weekly salary of $400.00 and weekly schedule of 74 hours, his regular rate of pay was $5.41 from December 2001 through mid-May 2003 for Defendant Red Dot Com, Inc. Thus, for this period, there was no minimum wage violation. From mid-May 2003 through July 2004, he was paid as little as $200.00 per week for 74 hours of work, an effective hourly rate of $2.70 per hour. From September 2004 through March 2005, when he worked for Defendant Nooch, Inc., his effective hourly rate was between $3.60 and $4.35 per hour. Therefore, Plaintiff's regular rate of pay from May 2003 onwards was below the required minimum wage under the FLSA and the NYLL.

    **ii.     Overtime Compensation**

When an employee works more than 40 hours in a workweek, he must be paid no less than one and one-half times the regular rate of pay for each hour worked in excess of 40. 29 U.S.C. 207(a)(1); 12 N.Y.C.R.R. 142-2.2. If his regular rate of pay is less than the minimum wage, the overtime rate is calculated based on the minimum wage. Federal law provides that if the state minimum wage is higher than the federal minimum wage, the federal overtime rate is calculated as one and one-half the state minimum wage. 29 CFR 778.5. When an employee is

7

paid a weekly wage, the promised weekly wage does not include the overtime premium. *See* 29 CFR 778.113; 12 NYCRR 142-2.2; *see also Yang v. ACBL Corp.*, 2005 U.S. Dist LEXIS 31567 at *11 (S.D.N.Y. Dec. 5, 2005); *see also In re Cayuga Lumber, Inc.*, 2007 IBA No. PR 05-009 (September 27, 2007). Because Defendants paid Plaintiff his regular rate of pay for all hours worked and no overtime premium for his 34 hours of overtime per week, Plaintiff is entitled to the unpaid overtime premium for these overtime hours.

### iii. Spread-of-Hours Wages

In addition, under New York Labor Law, an employer is required to pay an additional hour of pay at the minimum wage for each day that the employee works for more than ten hours ("spread of hours" wages). *See* N.Y. Lab. Law §§ 650 et seq.; 12 N.Y.C.R.R. 142-2.4. Plaintiff worked more than 10 hours per day between six to seven days per week. Because he was not paid a bonus hour at the minimum wage rate, Defendants have also violated the spread-of-hour provisions of the NYLL.

These uncontested facts establish Defendants' liability for violations of the FLSA and the NYLL. Plaintiff is therefore entitled to the entry of default judgment against Defendants Red Dot Com, Inc. and Nooch, Inc.

## II. Plaintiff Should Be Awarded Damages in the Amounts Explained Herein

As demonstrated above, the well-pled allegations in the Complaint support an entry of judgment for Defendants' violations of federal and state labor law. However, a party entitled to judgment by default is required to prove the amount of damages that should be awarded. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). Herein, Plaintiff explains the calculations and basis for entry of a judgment in the amounts set forth in Plaintiff's Statement of Damages.

In reaching its decision, the court may rely on detailed affidavits or documentary evidence to evaluate the proposed sum. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). *See also* Fed.R.Civ.P. 55(b)(2) ("the court may conduct such hearings ... as it deems necessary and proper"). The court may, but need not, make the determination through a hearing. To prove his damages, Plaintiff submits his affidavit, his Contemporaneous Records of Weeks Worked and Wages Paid (*see* Exhibit D), and a Statement of Damages and Unpaid Wage Spreadsheet, a mathematical calculation of wages and damages owed based on the allegations set forth in the complaint and in Plaintiff's affidavit (*see* Exhibit G).

Notably, federal and state law imposes the duty to maintain records of hours worked and wages paid on the employer, not the employee. 12 N.Y.C.R.R. 142-2.6; N.Y. Lab. L. §661; 29 U.S.C. § 211(c); 29 C.F.R. § 516. In light of this, the FLSA provides that where an employer fails to maintain accurate records or, where as here, no records have been produced as a consequence of defendants' default, the "plaintiff['s] recollection and estimates of hours worked are presumed to be correct." *See Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 at *8 (S.D.N.Y. Jan. 7, 2004); *Chao v. Vidtape*, 196 F. Supp. 2d 281, 293-94 (E.D.N.Y. 2002).

A.  **Fair Labor Standards Act Liquidated Damages**

An employer who violates FLSA's minimum wage and overtime requirements is liable for any unpaid minimum wages or overtime compensation "and an additional equal amount as liquidated damages." 29 U.S.C. §216(b). Liquidated damages are mandatory under the FLSA, unless the employer shows that it acted in good faith and that there were reasonable grounds for believing that the act or omission was not a violation of the FLSA. 29 U.S.C. §260. To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999). "[T]he

burden... 'is a difficult one to meet, however, and double damages are the norm, single damages the exception.'" *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (*quoting Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987), *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986)). Therefore, in addition to his unpaid minimum wages arising under the FLSA, Plaintiff is entitled to 100% liquidated damages on the portions of his claim which arise under the FLSA.

### B.   New York Labor Law Liquidated Damages

Under the New York Labor Law, an employee may be awarded liquidated damages constituting an additional 25% of the total wages owed by the employer "upon a finding that the employer's failure to pay the wage[s] required ... was willful." N.Y. Lab. L. §198. Furthermore, the factual allegations of willfulness in the complaint are uncontested. Therefore, in addition to his unpaid wages, Plaintiff is entitled to 25% liquidated damages on the portions of his claim which arise under the NYLL.

### C.   Statutes of Limitations

The statute of limitations under the FLSA is two years, or three years for willful violations. 29 U.S.C. § 255. When a defendant has defaulted, willfulness under FLSA may be inferred. *Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28, 2006), *citing McLaughlin v. Richland Shoe*, 486 U.S. 128, 133 (1988). Thus, in this case, the three-year statute of limitation applies. The NYLL imposes a six-year statute of limitations. N.Y. Lab. L. § 198(3) (wage payment); § 663(3) (minimum wage).

Thus, for the three years prior to the filing date, Plaintiff has claims that arise under both federal and state law. For such periods, Plaintiff does not seek to "double dip" – for instance, claiming the full unpaid minimum wage under state law then again under federal law. Rather,

Plaintiff seeks to recover the full federal unpaid wages owed, plus federal liquidated damages, and then any *additional* wages owed under state law, plus state liquidated damages. This is explained in more detail below, in the sections discussing the wage calculations for both corporate defendants.

D.   **CPLR Prejudgment Interest**

Finally, New York law provides for the reimbursement of interest earned on withheld wages and overtime. C.P.L.R. § 5001. Under Section 5001, interest accrues at 9% per annum computed on a simple interest basis interest from "the earliest ascertainable date the cause of action existed." C.P.L.R §§ 5001; 5004. Therefore, Plaintiff is entitled to 9% simple interest per year for each week in which he is owed wages under state law.

E.   **Explanation of Wages and Damages Calculations as to Red Dot Com, Inc.**

As indicated above, Plaintiff worked rant for Red Dot Com, Inc. from December 12, 2001 through July 2004, which gives rise to New York State wage claims. All calculations of wages and damages against Red Dot Com, Inc. in the Unpaid Wage Spreadsheet (attached as Exhibit G) are calculated based on Plaintiff's regular salary of $400.00. As explained above, this weekly rate is divided by the number of hours he worked that week to determine his "regular rate of pay," which then determines whether there is either a minimum wage violation and/or an overtime violation. Where the calculated regular rate of pay is less than $5.15 per hour, there is a minimum wage violation and the calculations are based on the minimum wage rate. Where it is above the minimum wage, then that regular rate of pay is used as the basis for the overtime calculations.

For example, Plaintiff worked approximately 74 hours per week for Defendant Red Dot Com, Inc., of which 34 hours were overtime hours. He worked more than 10 hours per day six

11

days per week. Until mid-May 2003, he was paid $400.00 per week for this work. This results in a regular rate of pay of $400.00/74 hours, or $5.41 per hour. His overtime rate of pay should have been $5.41 x 1.5, or $8.11. Thus, Plaintiff's "Correct Regular Pay" each week was $5.41 x 40 = $216.22, and his "Correct Overtime Pay" each week was $8.11 x 34 = $275.68. In total, Plaintiff should have been paid $216.22 + $275.68 = $491.89 per week. Because he was paid $400.00 per week, this leaves $91.89 in unpaid wages per week.

Plaintiff also worked more than 10 hours per day 6 days per week, which entitles him to an extra hour of bonus pay at the minimum wage rate for each of those days. This adds up to 6 x $5.15 = $30.90 in unpaid spread of hours wages per week. This calculation is the same per week for 74 weeks, from December 12, 2001 through May 12, 2003.

Beginning in mid-May 2003 and lasting through the end of his employment in July 2004, Plaintiff was paid different amounts per week. In total, over this 61-week period, Plaintiff was paid $17,600.00, which is an average of $288.52 per week. The Unpaid Wage Spreadsheet uses this average number in the "Amount Paid Total" column. Because this brings Plaintiff's wages below the then-minimum of $5.15, the spreadsheet uses the minimum wage as the regular rate of pay and $7.73 as the overtime rate.

At the minimum wage, Plaintiff should have received $206.00 for his first 40 hours of work and $262.65 for the 34 hours of overtime, a total of $468.65. Subtracting the average of $288.52 paid, we are left with $180.13 unpaid for each week. The spread-of-hours calculation is unchanged: $30.90 per week. This calculation is the same per week for 61 weeks, from May 12, 2003 through July 9, 2004.

Based on these calculations, Defendant Red Dot Com, Inc. owes Plaintiff $27,449.29 in NYLL wages and damages for his work. This Defendant further owes Plaintiff $9,885.49 in CPLR prejudgment interest, a total of $37,334.78.

F.  **Explanation of Wages and Damages Calculations as to Nooch, Inc.**

Plaintiff worked for Defendant Nooch, Inc. from September 2004 through March 2005. Thus, that whole period is covered under state law. The period from December 12, 2005 through March 20, 2005 is also covered under federal law.

Starting in September 2004, Plaintiff worked for 111 hours per week in the first five weeks, 95 hours per week for the next month, 93 hours per week in the next two months, and 92 hours per week thereafter. He was paid $400.00 per week for this work. The methodology for calculating the wages owed prior to December 12, 2004 is the same described above for Red Dot Com, Inc., because the claim arises solely under state law. The only differences are the following. First, the number of hours worked is higher during the Nooch period, resulting in higher unpaid wages. Second, the settlement proceeds from the first litigation have been applied to the unpaid wages from this period (*see* Exhibit H). This is reflected in the Unpaid Wage Spreadsheet in the column labeled "Nooch Settlement." The circumstances surrounding the settlement are described in more detail below.

The calculations change after December 12, 2004 through the end of Plaintiff's employment for Nooch, Inc. (indicated by the thick black line). This portion of the claim falls within the three-year FLSA statute of limitations. Thus, Plaintiff in this period has claims under both federal and state law.

For this period, Plaintiff claims his full unpaid federal minimum wages, unpaid federal overtime wages, and an additional equal amount as federal liquidated damages on the unpaid

13

federal wages. He also seeks to recover the additional state wages owed for this period, called the state "incremental" damages in the Unpaid Wage Spreadsheet. In this instance, the additional state claim is comprised of the difference between the state minimum wage, $6 per hour after January 1, 2005, and the federal minimum wage of $5.15 per hour. Plaintiff also seeks to recover spread of hours pay for this period. Finally, Plaintiff seeks state liquidated damages and interest on the state portion of his claim for the period.

As set forth in the Unpaid Wage Spreadsheet calculations, Defendant Nooch, Inc. owes Plaintiff $7,338.55 in FLSA wages and damages, $334.66 in NYLL wages and damages, and $228.90 in CPLR prejudgment interest, for a total of $7,902.11.

### III. FLSA Claims Not Waivable Absent a Court-Approved Stipulation of Settlement and Fairness Review

By prior counsel, Plaintiff filed suit against Nooch, Inc. for his unpaid wages on February 2, 2006. *See Mendez v. Nooch, Inc.*, SDNY 1:06-cv-00867 (KMK)(DCF). Wagoner Decl. ¶ 16. An individual named Christopher Miu, who identified himself as an accountant for Nooch, Inc., contacted Plaintiff's prior counsel seeking to settle the lawsuit. Wagoner Decl. ¶ 17. A settlement agreement was executed between Plaintiff and Christopher Miu for Nooch, Inc. by which Plaintiff was paid $2,862.00 representing back wages, and $2,862.00 representing liquidated damages. Wagoner Decl. ¶ 18. (*See* Exhibit H annexed hereto). Upon receiving notice of the settlement, Judge Kenneth Karas ordered a discontinuance of the action with prejudice, and the case was closed. Wagoner Decl. ¶ 19. (*See* Exhibit I).

The settlement agreement did not constitute a valid waiver of Plaintiff's FLSA claims and does not bar the present action. Under the FLSA, there are only two ways by which an individual may release or settle a FLSA claim: i) a settlement supervised by the Department of

Labor pursuant to 29 U.S.C. § 216(c), or ii) upon the district court's entry of a stipulated judgment after scrutinizing the settlement for fairness. *Sampaio v. Boulder Rock Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007), *citing Lynn's Food Stores v. United States*, 679 F.2d 1351 (11th Cir. 1982); *D. A. Schulte v. Gangi*, 328 U.S. 108 (1946). To give effect to an employee's waiver of rights under the FLSA, "a court must scrutinize the settlement for fairness and determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353. A settlement for less than the unpaid wages and damages owed, without a fairness review, is "in clear derogation of the letter and spirit of the FLSA." *Id.* at 1354. Public policy concerns prevent unsupervised settlements of FLSA claims. As the United States Supreme Court observed in *Schulte*, judicial scrutiny serves as a necessary check against an employer's unequal bargaining power, and safeguards the overarching purpose of the FLSA, which is to "secure for the lowest paid segment of the nation's workers a subsistence wage." 328 U.S. at 115 – 116.

Recent opinions from the Southern and Eastern Districts of New York offer guidance as to the substance of a judicial fairness review in the FLSA context. *See Sampaio v. Boulder Rock Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. 2007) (conducting fairness review of proposed settlement of FLSA claim); *Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. Mar. 19, 2008) (same); *Manning v. New York University*, 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. Aug. 21, 2001) (analogizing settlement of ADEA claim to FLSA context).

In this case, the lack of a fairness review precludes a valid waiver of Plaintiff's FLSA claims. Indeed, the $5,725.00 settlement represents less than half of the amount Plaintiff is currently owed. A judge conducting a fairness review could well have concluded that a settlement for such a small amount of the total owed failed to protect Plaintiff's right to a

subsistence wage. In any case, a fairness review was not conducted, and thus the settlement agreement cannot not now bar Plaintiff's claim for the remaining wages and damages owed.

Based on these facts, and as set forth in the Statement of Damages and Unpaid Wage Spreadsheet, annexed hereto as Exhibit G, Defendant Nooch, Inc. owes Plaintiff $7,338.55 in FLSA wages and damages, $334.66 in NYLL wages and damages, and $228.90 in CPLR prejudgment interest, for a total of $7,902.11. Defendant Red Dot Com, Inc. owes Plaintiff $27,449.29 in NYLL wages and damages and $9,885.49 in CPLR prejudgment interest, a total of $37,334.78.

### IV.  Plaintiff Is Entitled to Attorneys Fees

Plaintiffs also seek attorneys' fees. 29 U.S.C. 216(b); N.Y. Lab. §198(1-a), 663(1). The amounts sought are set forth in the Declarations of Elizabeth Wagoner and Amy Carroll, and amount to a total of $7940.00.

### CONCLUSION

For the foregoing reasons, Plaintiff is entitled to entry of default judgment against Defendants Nooch, Inc. and Red Dot Com, Inc. in the amounts set forth above.

Dated: Brooklyn, New York
      May 27, 2007

                                      Respectfully Submitted,
                                      MAKE THE ROAD NEW YORK, INC.
                                      Attorneys for Plaintiffs
                                      301 Grove Street
                                      Brooklyn, New York 11237
                                      (718) 418-7690

                                      By: Elizabeth Wagoner (EW 2101)

**TABLE OF EXHIBITS**

Exhibit A: Complaint
Exhibit B: Proof of Service
Exhibit C: Affidavit of Lucio Mendez
Exhibit D: Lucio Mendez Contemporaneous Records of Weeks Worked and Wages Paid
Exhibit E: Declaration of Amy Carroll
Exhibit F: Declaration of Elizabeth Wagoner
Exhibit G: Statement of Damages and Unpaid Wage Spreadsheet
Exhibit H: Checks Received from Christopher Miu
Exhibit I: Judge Karas Order of Dismissal
Exhibit J: Elizabeth Wagoner time logs
Exhibit K: Amy Carroll time logs
Exhibit L: Proposed Order Granting Default Judgment
Exhibit M: Clerk's Certificate