UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,

                       Plaintiff,

           -against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case
Docket Number 07 CV 11174 (LLS)

**DECLARATION OF
ELIZABETH WAGONER IN
SUPPORT OF MOTION FOR
JUDGMENT BY DEFAULT**

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF KINGS     )

Elizabeth Wagoner, being duly sworn, deposes and says:

1.    I am a member of the bar of this Court and an employee of Make the Road New York, Inc., attorneys for Plaintiff in the above-entitled action. I am familiar with all the facts and circumstances contained herein.

2.    I make this declaration pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiff's motion for the entry of a default judgment against defendant.

**Procedural History**

3.    This is an action for unpaid wages owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* ("FLSA") and New York Labor Law §190 *et seq.* and §650 *et seq.* ("NYLL").

4.    Jurisdiction of the subject matter of this action is based on federal question and supplemental jurisdiction.

5.    This action was commenced on December 12, 2007 by the filing of a Complaint, which is attached as Exhibit A.

6.    A copy of the Summons and Complaint was served on Defendants Nooch, Inc. and Red Dot Com, Inc. on March 24, 2008, by personal delivery to an agent authorized by the secretary of state to receive service, Donna Christie, at the office of the department of state in the city of Albany, pursuant to Business Corporation Law §306.  Plaintiffs filed the Proof of Service, attached as Exhibit B, on April 8, 2008.

7.    Plaintiff was unable to effect service on Defendant Suan Lay Ong.

8.    Defendants Nooch, Inc. and Red Dot Com, Inc. have not answered the Complaint, and the time for these Defendants to answer the Complaint has expired.

9.    This action seeks judgment for the amount of $37,334.78 against Defendant Red Dot Com, Inc. and $7,902.11 against Defendant Nooch, Inc., as shown by the Statement of Damages and Exhibit G, Unpaid Wage Spreadsheet, which is justly due and owing, and no part of which has been paid except as therein set forth.

**Calculations Generally**

10.    I created the Unpaid Wage Spreadsheet based on the data contained in the Complaint and in the Affidavit of Lucio Mendez, attached to Plaintiff's Memorandum of Law as Exhibit C.

11.    Please note that for the purpose of simplicity, the numbers I use in this declaration are rounded to two decimal points.  In some instances this may give the appearance of arithmetical errors.  However, all numbers I use are based on the figures in the spreadsheet, which are not rounded to the nearest decimal and are therefore more exact.

12.    This spreadsheet calculates unpaid wages and damages on a weekly basis.

13.    Plaintiff seeks 25% NYLL damages on his state law claims and 100% FLSA damages on his FLSA claims.  Where there are both FLSA and NYLL claims for a given week, Plaintiff seeks to recover the full unpaid federal wages, plus federal damages, and any additional wages owed under the NYLL, plus New York damages on the wages.

14.    Regarding prejudgment interest owed pursuant to C.P.L.R. § 5001, the spreadsheet computes the interest accrued on Plaintiff's unpaid wages on a weekly basis at 9% per annum.  The "the earliest ascertainable date the cause of action existed" is assumed to be the end of each week in which wages are owed.  Interest is calculated on the NYLL portion of unpaid wages only, and not on the 25% NYLL damages or on any wages or damages owed pursuant to the FLSA.

15.    More specific examples and descriptions of the wage calculations are contained in the Memorandum of Law and in the Unpaid Wage Spreadsheet attached as Exhibit G.

**Settlement of Prior Lawsuit**

16.    By his previous attorney, Justin Zeller, Plaintiff filed a lawsuit in 2006 to recover his unpaid wages from Nooch, Inc.

17.    An individual named Christopher Miu, who identified himself as an accountant for Nooch, Inc., contacted Mr. Zeller seeking to settle the lawsuit.

18.    A settlement agreement was executed between Plaintiff and Christopher Miu for Nooch, Inc., by which Plaintiff was paid $2,862.00 representing back wages, and $2,862.00 representing liquidated damages. (*See* Exhibit H annexed hereto).

19.    Upon receiving notice of the settlement, Judge Kenneth Karas ordered a discontinuance of the action with prejudice, and the case was closed. (*See* Exhibit I).

**Attorney's Fees**

20.    Plaintiff is entitled to attorney fees and costs.

21.  I spent 19.00 hours working on this matter prior to my admission to the New York Bar on January 31, 2008.

22.  I spent 37.10 hours working on this matter after my admission.

23.  I have calculated my hours based on time logs which were contemporaneously recorded by hand and stored in my client's file.  A typewritten description of these logs is attached as Exhibit J.  I attest that this Exhibit accurately reflects the content of the contemporaneously recorded logs in my files.

24.  I am seeking fees for work required of me in this matter and have exercised billing judgment in reducing the number of hours expended.

25.  Plaintiffs submit my hourly rate at $75 an hour prior to my admission to the New York Bar, and $130 an hour thereafter.  These amounts are based on the hourly rate of $75 for paralegals and $130 to $150 for attorneys with one to three years of experience.  *Marisol v. Giuliani*, 111 F.Supp.2d 381, 386 (S.D.N.Y. 2000). My average experience over the course of this litigation was over two years as a law student and law graduate and less than one year as an attorney.  At these rates, Plaintiffs request a total of $6248.00 in fees for my time in this matter.

WHEREFORE, Plaintiff requests the entry of Default and the entry of the annexed Judgment against Defendants Nooch, Inc. and Red Dot Com, Inc.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Brooklyn, New York
      May 27, 2008

Elizabeth Wagoner (EW 2101)

4

Plaintiff Attorney Elizabeth Wageoner, Esq. of Make the Road New York, Inc.,
**Transcription of Contemporaneous Time Records**

| Date | Hours | Activity |
|---|---|---|
| 9/6/2007 | 2.00 | Drafted complaint |
| 10/4/2007 | 2.00 | Legal research on settlement |
| 10/5/2007 | 0.30 | Met with Make the Road colleagues to discuss the case |
| 10/18/2007 | 1.00 | Legal research on settlement |
| 10/23/2007 | 0.50 | Phone call with Justin Zeller |
| 10/24/2007 | 2.00 | Met with Lucio Mendez |
| 11/13/2007 | 3.00 | Revised complaint draft |
| 11/14/2008 | 2.00 | Revised and cite-checked complaint |
| 12/5/2007 | 0.50 | Met with Lucio Mendez |
| 12/10/2007 | 1.00 | Researched waiver of service and prepared complaint for filing |
| 12/10/2007 | 1.50 | Filed complaint in SDNY |
| 12/12/2007 | 0.50 | Emailed Amy Carroll and Deb Axt about service on Ds |
| 1/4/2008 | 2.00 | Prepared documents for substitute service on Ds + mailed |
| 1/14/2008 | 0.70 | Checked USPS website for status of mailings |
| 2/7/2008 | 4.00 | Prepared documents for personal service on all Ds |
| 3/8/2008 | 0.50 | Mailed letter to J. Stanton re: adjournment |
| 3/11/2008 | 0.30 | Filed affidavit of service on Janice Ong on ECF |
| 3/12/2008 | 0.10 | Phone call with Justin Zeller |
| 4/14/2008 | 0.50 | Called J. Stanton chambers to verify conference time |
| 4/17/2008 | 0.20 | Checked USPS website & printed receipts |
| 4/18/2008 | 2.00 | Conference before J. Stanton |
| 4/25/2008 | 1.00 | Met with Lucio Mendez |
| 4/28/2008 | 1.00 | Prepared default papers |
| 5/1/2008 | 4.00 | Prepared default papers |
| 5/6/2008 | 1.00 | Prepared default papers |
| 5/12/2008 | 0.50 | Prepared default papers |
| 5/17/2008 | 10.00 | Wrote Memo of Law for Default |
| 5/18/2008 | 8.00 | Wrote Memo of Law for Default |
| 5/23/2008 | 2.00 | Wrote Memo of Law for Default. |
|  |  | Met with Lucio Mendez to review draft. |
| 5/27/2008 | 2.00 | Assembled, copied, and filed default papers. |
|  | 19.00 | TOTAL NON-ATTORNEY HOURS FOR ELIZABETH WAGONER |
|  | 37.10 | TOTAL ATTORNEY HOURS FOR ELIZABETH WAGONER |
|  | $1,425.00 | **TOTAL NON-ATTORNEY FEES REQUESTED BY PLAINTIFFS FOR WAGONER** |
|  | $4,823.00 | **TOTAL ATTORNEY FEES REQUESTED BY PLAINTIFFS FOR WAGONER** |

Exhibit A
Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 07 CV 11174

- - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,

                 Plaintiff,

          -against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case
Docket Number 07 CV _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Lucio Mendez ("Plaintiff"), by his attorneys Make the Road New York, Inc.,
alleges as follows:

## NATURE OF THE ACTION

1.     This is an action to recover unpaid wages, damages, and interest due Plaintiff by
Defendants. For approximately five years, Plaintiff was drastically underpaid for his work as a
janitor and dishwasher in restaurants owned and managed by Defendants.

2.     Plaintiff worked between 74 to 111 hours per week, for a wage that ranged from $2.70 to
$5.40 per hour. Not once during his employment did Plaintiff receive overtime pay when he
worked more than 40 hours per week, as required by federal and state law. Plaintiff was also
systematically denied the daily spread-of-hours supplement mandated by New York State Labor
Law on the days he worked more than 10 hours. For several weeks during his employment,
Plaintiff was not paid at all.

3.    Plaintiff, by his attorneys, seeks his unpaid wages, liquidated damages, interest, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, and New York Labor Law, Article 6, 190 *et seq.*, and Article 19, 650 *et seq.*

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's claims under FLSA pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).  The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

5.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. 216(b).  His written consent is attached hereto and incorporated by reference.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391 as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

7.    Plaintiff Lucio Mendez is an adult individual currently residing in New York City, in the County of Queens.

8.    Upon information and belief, Defendant Suan Lay Ong, a/k/a Janice Ong ("Defendant Ong"), is an adult individual currently residing in New York City, in the county of New York.

9.    Upon information and belief, Defendant Red Dot. Com, Inc., is a foreign business corporation, organized under the laws of Delaware, with its principal New York office located at 200 E. 89th St., Suite 44-S, New York, New York 10128.

10.    Upon information and belief, Defendant Red Dot Com, Inc. operated under the trade name "Tangerine Restaurant and Café" ("Tangerine Restaurant").

11.    Upon information and belief, Nooch, Inc. ("Nooch Restaurant") is a domestic business corporation, organized under the laws of New York, with its principal place of business located at 143 Eighth Avenue, New York, NY 10011.

## STATEMENT OF FACTS
### *WAGE AND HOUR VIOLATIONS*

12.    Plaintiff was hired to perform janitorial and dishwashing services at Tangerine Restaurant soon after it opened in or around May 2001.

13.    Plaintiff was informed that he would be paid a wage of $250 per week, regardless of the hours he worked.

14.    Approximately one month after Plaintiff began work, his pay was raised to $400 per week.

15.    Upon information and belief, the agent who hired Plaintiff acted on the authority and at the behest of Defendant Ong and Defendant Red Dot Com, Inc.

16.    With the exception discussed *infra* at Paragraphs 24 through 31, Plaintiff continued to be paid at the rate of $400 per week for the duration of his employment, regardless of the hours he worked.

17.    Throughout his employment at Tangerine Restaurant, Plaintiff worked approximately 74 hours per week.

18.    This resulted in an effective hourly wage ranging from approximately $3.37 - $5.40 per hour without any overtime premium.

19.    Plaintiff never received overtime premium pay for hours exceeding 40 in a given week at Tangerine Restaurant.

20.    Plaintiff routinely worked more than 10 hours in a day at Tangerine Restaurant.

21.    Defendants never paid Plaintiff spread of hours pay, or an extra hour of pay at the minimum wage rate, for those days when Plaintiff worked more than 10 hours in a day.

22.    Plaintiff never received tips for his work at Tangerine Restaurant.

23.    Plaintiff never received a 30-minute lunch break during his employment at Tangerine Restaurant.

24.    From approximately mid-May 2003 through the end of his employment at Tangerine Restaurant in July 2004, a period of approximately 61 weeks, Defendants paid Plaintiff different amounts each week.

25.    During this period, Plaintiff's weekly pay dropped as low as $200 per week.

26.    Many weeks during this period, Plaintiff was not paid at all.

27.    During this period, Plaintiff continued to work approximately 74 hours per week.

28.    During this period, Plaintiff's effective hourly rate of pay dropped as low as $2.70 per hour without any overtime premium.

29.    On approximately four occasions during this period, Defendants supplemented Plaintiff's pay to compensate for several weeks of non-payment.

30.    When this happened, Plaintiff's weekly pay was $600 – $800.

31.    On average, Plaintiff's weekly pay during this period was approximately $288.50 per week.

32.    In or around April 2004, Defendant Ong informed Plaintiff that Tangerine Restaurant was going out of business.

33.    Plaintiff ceased working at Tangerine Restaurant when he and his co-workers arrived at work one morning in approximately July 2004 to find that the restaurant was closed.

34.   In or around September 2004, Defendant Ong personally asked Plaintiff to come to work for her new business, Nooch Restaurant.

35.   For two days in approximately September 2004, Plaintiff performed janitorial work to prepare Nooch Restaurant for its opening.

36.   Aside from $10 he was given by a kitchen worker, Plaintiff received no compensation at all for these eight hours of work.

37.   In or around September 2004, when Nooch Restaurant opened for business, Plaintiff was hired to perform janitorial, dishwashing, and bus boy services at Nooch Restaurant.

38.   Upon information and belief, the agent who hired Plaintiff acted on the authority and at the behest of Defendant Ong and Defendant Nooch, Inc.

39.   Upon information and belief, several of Tangerine Restaurant's former employees were employed at Nooch Restaurant.

40.   Defendants paid Plaintiff $400 per week for his work at Nooch Restaurant, regardless of the hours worked by Plaintiff.

41.   Plaintiff routinely worked between 92 and 111 hours per week at Nooch Restaurant.

42.   This resulted in an effective hourly wage ranging from approximately $3.60 - $4.35 per hour without any overtime premium.

43.   Plaintiff never received overtime premium pay for hours exceeding 40 in a given week at Nooch Restaurant.

44.   Plaintiff routinely worked more than 10 hours in a day at Nooch Restaurant.

45.   Defendants never paid Plaintiff spread of hours pay, or an extra hour of pay at the minimum wage rate, for those days when Plaintiff worked more than 10 hours in a day.

46.   Plaintiff never received tips for his work at Nooch Restaurant.

47. Plaintiff never received a 30-minute lunch break during his employment at Nooch Restaurant.

48. Plaintiff left his employment Nooch Restaurant on or about March 20, 2005.

49. Upon information and belief, during the time that Plaintiff was employed by Defendants at Tangerine Restaurant and Nooch Restaurant, Defendants did not maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one and one-half their regular rate, as required under both the FLSA and New York Labor Law.

50. Upon information and belief, during the time that Plaintiff was employed by Defendants, Defendants did not maintain in the workplace a display containing a copy of New York Labor Law §§ 193, 196-d and any accompanying regulations as required by the New York Labor Law.

51. On information and belief, during the relevant time periods Defendant Ong functioned as owner and controlling manager of Tangerine Restaurant and of Nooch Restaurant.

52. On information and belief, Defendant Ong and/or her agents had control over Plaintiff's wages, hours, and working conditions at Tangerine Restaurant and at Nooch Restaurant.

53. On information and belief, Defendant Ong and/or her agents had control over employee schedules and wage rates at Tangerine Restaurant and at Nooch Restaurant.

54. On information and belief, employment records at Tangerine Restaurant and at Nooch Restaurant were maintained by Defendant Ong and/or her agents.

55. Although Defendant Ong delegated some supervisory tasks to managers, she retained ultimate decisionmaking authority over all wages, hours, and working conditions at Tangerine Restaurant and at Nooch Restaurant.

56.    Upon information and belief, Defendant Red Dot Com, Inc. is a for-profit enterprise which engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

57.    Upon information and belief, Nooch, Inc. is a for-profit enterprise which engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

58.    By prior counsel, Plaintiff brought suit for unpaid wages in the Southern District of New York against Nooch, Inc. (Case No. 06 CV 867).

59.    The parties agreed to settle that claim for $9000, a sum which included attorneys' fees.

60.    The settlement amount did not include liquidated damages, as mandated by 26 U.S.C. § 216.

61.    The agreement entered into by the parties was not a judicially-approved stipulated settlement.

62.    Plaintiff has not legally waived of his claim for unpaid wages or overtime under the FLSA.

### FIRST CAUSE OF ACTION
*Federal Minimum Wage Violations*

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    At all times relevant herein, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. 203.

65.    At all times relevant herein, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. 203.

66.    At all times relevant herein, Defendants required, suffered, or permitted Plaintiff to work.

67.    At all times relevant herein, Defendants were engaged in commerce within the meaning of 29 U.S.C. 203.

68.    At all times relevant herein, Plaintiff was employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. 203.

69.    Defendants willfully failed to pay Plaintiff the federal minimum wage for the hours he worked, in violation of 29 U.S.C. 207.

70.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216.

### SECOND CAUSE OF ACTION
*Federal Overtime Violations*

71.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.    Defendants willfully failed to pay Plaintiff the appropriate overtime compensation for each hour worked in excess of 40 hours in a workweek as required under the Fair Labor Standards Act, 29 U.S.C. 207 (a)(1).

73.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216.

### THIRD CAUSE OF ACTION
*New York State Minimum Wage Violations*

74.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.    At all times relevant herein, Defendants were Plaintiff's employers within the meaning of New York Lab. L. 2 and 651.

76.    At all times relevant herein, Plaintiff was Defendants' employee within the meaning of New York Lab. L. 2 and 651.

77.    Defendants willfully failed to pay Plaintiff the New York State minimum wage for all hours he worked, in violation of New York Lab. L. 652;

78.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 663.

### FOURTH CAUSE OF ACTION
*New York State Overtime Violations*

79.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. L. 650 et seq.; 12 NYCRR 142-2.2.

81.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Lab. L. 663.

### FIFTH CAUSE OF ACTION
*New York State Payment of Wage Violations*

82.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.    At all times relevant herein, Plaintiff was a "clerical or other worker" employed by Defendants, as defined in New York Lab. L. 190.

84.    Defendants willfully failed to pay Plaintiff as required under New York Lab. L. 191.

85.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid wages, damages for unreasonably delayed payment of wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 198.

### SIXTH CAUSE OF ACTION
*New York State Spread of Hours Pay*

86.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.    Plaintiff routinely worked more than 10 hours a day.

88.    Defendants willfully failed to pay Plaintiff an extra hour of pay at the basic minimum rate for each day Plaintiff worked more than 10 hours ("spread of hours pay"), in violation of New York Lab. L. 650 et. seq.; 12 NYCRR 142-2.4.

89.    As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid spread-of-hours pay, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Lab. L. 663.

### SEVENTH CAUSE OF ACTION
*Quantum Meruit*

90.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.    Plaintiff conferred the benefit of his labor to Defendants in good faith and with the expectation of just payment. Defendants accepted the benefit of Plaintiff's work but deliberately failed to compensate him fairly.

92.    Defendants were unjustly enriched by their deliberate and intentional exploitation of Plaintiff's labor.

93.    As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in amounts to be proven at trial.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

i.    Declare Defendants' conduct to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Minimum Wage Act;

ii.    Award Plaintiff minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime pay, pursuant to 29 U.S.C. 216;

iii.    Award Plaintiff unpaid minimum wages and an additional 25% as liquidated damages, pursuant to New York Lab. L. 663(1);

iv.    Award Plaintiff unpaid overtime and spread-of-hours compensation, pursuant to the New York Minimum Wage Act regulations, and an additional 25% as liquidated damages, pursuant to New York Lab. L. 663(1);

v.    Award Plaintiff amounts to be proven at trial for his unpaid wages, damages for

unreasonably delayed payment of wages, and an additional 25% as liquidated damages,

pursuant to New York Lab. L. 198.

vi.    Award Plaintiff an amount to be proven at trial for Defendants' unjust enrichment from

Plaintiff's labor;

vii.    Award Plaintiff prejudgment interest; and

viii.    Award Plaintiff the costs of this action together with reasonable attorneys' fees and such

other and further relief as this court deems necessary and proper.

DATED this 12th day of December, 2007.

MAKE THE ROAD NEW YORK, INC.
By: Amy Carroll (AC 5640)
301 Grove Street
Brooklyn, NY 11237
Phone: 718-418-7690
Fax: 718-418-9635

## AUTHORIZATION PURSUANT TO 29 U.S.C. §216(b)

I, LUCIO MENDEZ, hereby consent to be a plaintiff in this lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: December 3, 2007

LUCIO MENDEZ

Exhibit B
Proof of Service

GLOBAL PROCESS SERVICE CO., INC.
291 BROADWAY, SUITE 1504
NEW YORK, NY 10007
LIC. # 887-054

UNITED STATES DIST. C___ SOUTHERN DIST.
**COUNTY OF** NEW YORK

Index No. 07 CV 11174

LUCIO MENDEZ

**Plaintiff(s)**

- against -

**AFFIDAVIT OF SERVICE**

NOOCH, INC. ET AL

**Defendant(s)** SUMMONS & COMPLAINT

**STATE OF NEW YORK: COUNTY OF NEW YORK**        **ss:**

DANIEL MILLER        BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY
TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

**That on** 03/24/08 at 0250PM Hours at C/O SEC. OF STATE 99 WASHINGTON AVENUE ALBANY NY        on
deponent served the within SUMMONS & COMPLAINT
RED DOT COM INC.                                   therein named,

**INDIVIDUAL**
**A** ☐  by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein.        ☐  (S) He identified (her) himself as such.

two copies

**CORPORATION**
**B** ☒☒  a (domestic) (foreign) corporation by delivering thereat a true copy of each to        DONNA CHRISTIE
personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be        AUTHORIZED AGENT        thereof

**SUITABLE**
**AGE PERSON**
**C** ☐  by delivering thereat a true copy of each to
a person of suitable age and discretion. Said premises is recipient's (actual place of business ) (dwelling house) (usual place of abode) within the state.        ☐ (S) He identified (her) himself as        of recipient.

**AFFIXING TO**
**DOOR, ETC.**
**D** ☐  by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there on the dates below:

Service upon the N.Y.S. Secretary of State under Section
306 of the B.C.L. and tendering a fee of $40.00

**MAILING**
**USE WITH**
**C or D**
☐        Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient
at        and deposited

said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State.

Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|-----|-----------|-----------|---------------|------------------|------------------|
| FEMALE | WHITE | BLOND | 35 | 5'5 | 140 |

**MILITARY**
**SERVICE**
☐        Above person has asked, whether the recipient (s) was (were) in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the recipient (s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person (s) so served as aforesaid to be the same person (s) mentioned and described as the defendant(s) in this action.

**USE IN**
**NYC CIVIL CT.**
☐        The language required by NYCRR 2900-2(e), (f) & (h) was set forth on the face of said summons (es).

**Sworn to before**
**me on the**

03/25/08

SANDRA FARRON
Notary Public, State of New York
No. 01FA4784241
Qualified in Nassau County
Commission Expires Sept. 30, 2009

DANIEL MILLER
**LICENSE No.**

# 116267

UNITED STATES DIST. CT. SOUTHERN DIST.
**COUNTY OF** NEW YORK

**GLOBAL PROCESS SERVICE CO., INC.**
291 BROADWAY, SUITE 1504
NEW YORK, NY 10007
LIC. # 887-054

LUCIO MENDEZ

**Index No.** 07 CV 11174

- against -

**Plaintiff(s)**

**AFFIDAVIT OF SERVICE**

NOOCH, INC. ET AL

**Defendant(s)** SUMMONS & COMPLAINT

**STATE OF NEW YORK: COUNTY OF NEW YORK** SS:

DANIEL MILLER    BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY
TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

**That on** 03/24/08 at 0250PM Hours at C/O SEC. OF STATE 99 WASHINGTON AVENUE ALBANY NY
**deponent served the within** SUMMONS & COMPLAINT    **on**
NOOCH, INC.    **therein named,**

**INDIVIDUAL**
**A** ☐
by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein.
☐ (S) He identified (her) himself as such.

**CORPORATION**
XX **B** ☐
a (domestic) (foreign) corporation by delivering thereat a true copy of each to    DONNA CHRISTIE
personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be    AUTHORIZED AGENT    thereof
two copies

**SUITABLE**
**AGE PERSON**
**C** ☐
by delivering thereat a true copy of each to
a person of suitable age and discretion. Said premises is recipient's (actual place of business) (dwelling house) (usual place of abode)
within the state.    ☐ (S) He identified (her) himself as    of recipient

**AFFIXING TO**
**DOOR, ETC.**
**D** ☐
by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there on the dates below:

Service upon the N.Y.S. Secretary of State under Section
306 of the B.C.L. and tendering a fee of $40.00

**MAILING**
**USE WITH**
**C or D**
Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient
at    and deposited
said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service
within New York State.

Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLOND | 35 | 5'5 | 140 |

**MILITARY**
**SERVICE**
☐
Above person has asked, whether the recipient (s) was (were) in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the recipient (s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person (s) mentioned and described as the defendant(s) in this action.

**USE IN**
**NYC CIVIL CT.**
☐
The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons (es).

**Sworn to before**
**me on the**
03/25/08

SANDRA FARRON
Notary Public, State of New York
No. 01FA4784241
Qualified in Nassau County
Commission Expires Sept. 30, 2009

DANIEL MILLER
**LICENSE No.**

# 116268

Exhibit C
Affidavit of Lucio Mendez

Exhibit D
Lucio Mendez Contemporaneous Records of Weeks
Worked and Wages Paid

**Transcription of Lucio Mendez Records**

| Week beginnning | Week ending | Date Paid | Paid |
|---|---|---|---|
| 5/12/03 | 5/17/03 | 5/19/03 | $200 |
| 5/19/03 | 5/24/03 | 5/24/03 | $200 |
| 5/26/03 | 5/31/03 | | |
| 6/2/03 | 6/7/03 | | |
| 6/9/03 | 6/14/03 | | |
| 6/16/03 | 6/21/03 | 6/23/03 | $400 |
| 6/23/03 | 6/28/03 | 6/28/03 | $400 |
| 6/30/03 | 7/5/03 | | |
| 7/7/03 | 7/12/03 | | |
| 7/14/03 | 7/19/03 | | |
| 7/21/03 | 7/26/03 | 8/8/03 | $400 |
| 7/28/03 | 8/2/03 | 8/9/03 | $400 |
| 8/4/03 | 8/9/03 | | |
| 8/11/03 | 8/16/03 | 8/18/03 | $200 |
| 8/18/03 | 8/23/03 | 8/23/03 | $200 |
| 8/25/03 | 8/30/03 | 8/30/03 | $200 |
| 9/1/03 | 9/6/03 | 9/6/03 | $200 |
| 9/8/03 | 9/13/03 | 9/15/03 | $200 |
| 9/15/03 | 9/20/03 | 9/20/03 | $200 |
| 9/22/03 | 9/27/03 | 9/22/03 | $400 |
| 9/29/03 | 10/4/03 | 9/29/03 | $200 |
| | | 10/3/03 | $200 |
| | | 10/4/03 | $400 |
| 10/6/03 | 10/11/03 | 10/11/03 | $200 |
| 10/13/03 | 10/18/03 | 10/24/03 | $600 |
| 10/20/03 | 10/25/03 | 11/7/03 | $400 |
| 10/27/03 | 11/1/03 | 11/10/03 | $400 |
| 11/3/03 | 11/8/03 | 11/17/03 | $400 |
| 11/10/03 | 11/15/03 | 11/21/03 | $400 |
| 11/17/03 | 11/22/03 | 11/22/03 | $400 |
| 11/24/03 | 11/29/03 | 11/24/03 | $400 |
| | | 11/26/03 | $400 |
| 12/1/03 | 12/6/03 | 12/6/03 | $400 |
| 12/8/03 | 12/13/03 | 12/15/03 | $400 |
| 12/15/03 | 12/20/03 | | |
| 12/22/03 | 12/27/03 | 1/2/04 | $800 |
| 12/29/03 | 1/3/04 | | |
| 1/5/04 | 1/10/04 | 1/12/04 | $200 |
| 1/12/04 | 1/17/04 | 1/23/04 | $200 |
| 1/19/04 | 1/24/04 | 1/26/04 | $400 |
| 1/26/04 | 1/31/04 | 1/31/04 | $400 |
| 2/2/04 | 2/7/04 | 2/6/04 | $400 |
| 2/9/04 | 2/14/04 | 2/14/04 | $400 |
| 2/16/04 | 2/21/04 | 2/23/04 | $400 |
| 2/23/04 | 2/28/04 | 3/1/04 | $200 |
| 3/1/04 | 3/6/04 | | |

| | | | |
|---|---|---|---|
| 3/8/04 | 3/13/04 | 3/13/04 | $200 |
| 3/15/04 | 3/20/04 | 3/20/04 | $400 |
| 3/22/04 | 3/27/04 | 3/27/04 | $400 |
| 3/29/04 | 4/3/04 | 4/3/04 | $400 |
| 4/5/04 | 4/10/04 | 4/9/04 | $400 |
| 4/12/04 | 4/17/04 | 4/17/04 | $400 |
| 4/19/04 | 4/24/04 | 4/24/04 | $400 |
| 4/26/04 | 5/1/04 | 5/1/04 | $400 |
| 5/3/04 | 5/8/04 | 5/12/04 | $400 |
| 5/10/04 | 5/15/04 | 5/17/04 | $400 |
| 5/17/04 | 5/22/04 | | |
| 5/24/04 | 5/29/04 | 6/4/04 | $200 |
| 5/31/04 | 6/5/04 | 6/7/04 | $200 |
| 6/7/04 | 6/12/04 | 6/11/04 | $400 |
| 6/14/04 | 6/19/04 | 6/25/04 | $400 |
| 6/21/04 | 6/26/04 | | |
| 6/28/04 | 7/3/04 | 7/5/04 | $400 |
| 7/5/04 | 7/9/03 | | |

**Total Paid**          **$17,600**

**Total Weeks
Worked**                     **61**

**Average Paid
Per Week**        **$288.52**

Weeks worked

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 12 | 17 | 03 | 11 | 24 | 29 | 03 | 6 | 7 | 12 | 04 |
| 5 | 19 | 24 | 03 | 12 | 1 | 6 | 03 | 6 | 14 | 19 | 04 |
| 5 | 26 | 31 | 03 | 12 | 8 | 13 | 03 | 6 | 21 | 26 | 04 |
| 6 | 2 | 7 | 03 | 12 | 15 | 20 | 03 | 67 | 28 | 3 | 04 |
| 6 | 9 | 14 | 03 | 12 | 22 | 27 | 03 | 7 | 5 | -9 | 04 |
| 6 | 16 | 21 | 03 | 12-1 | 29 | 3 | 04 | | | | |
| 6 | 23 | 28 | 03 | 1 | 5 | 10 | 04 | | | | |
| 6 | 30 | 5 | 03 | 1 | 12 | 17 | 04 | | | | |
| 7 | 7 | 12 | 03 | 1 | 19 | 24 | 04 | | | | |
| 7 | 14 | 19 | 03 | 1 | 26 | 31 | 04 | | | | |
| 7 | 21 | 26 | 03 | 2 | 2 | 7 | 04 | | | | |
| 7 | 28 | 2 | 03 | 2 | 9 | 14 | 04 | | | | |
| 8 | 4 | 9 | 03 | 2 | 16 | 21 | 04 | | | | |
| 8 | 11 | 16 | 03 | 2 | 23 | 28 | 04 | | | | |
| 8 | 18 | 23 | 03 | 3 | 1 | 6 | 04 | | | | |
| 8 | 25 | 30 | 03 | 3 | 8 | 13 | 04 | | | | |
| 9 | 1 | 6 | 03 | 3 | 15 | 20 | 04 | | | | |
| 9 | 8 | 13 | 03 | 3 | 22 | 27 | 04 | | | | |
| 9 | 15 | 20 | 03 | 3-4 | 29 | 3 | 04 | | | | |
| 9 | 22 | 27 | 03 | 4 | 5 | 10 | 04 | | | | |
| 9-10 | 29 | 4 | 03 | 4 | 12 | 17 | 04 | | | | |
| 10 | 6 | 11 | 03 | 4 | 19 | 24 | 04 | | | | |
| 10 | 13 | 18 | 03 | 4 | 26 | 1 | 04 | | | | |
| 10 | 20 | 25 | 03 | 5 | 3 | 8 | 04 | | | | |
| 10-11 | 27 | 1 | 03 | 5 | 10 | 15 | 04 | | | | |
| 11 | 3 | 8 | 03 | 5 | 17 | 22 | 04 | | | | |
| 11 | 10 | 15 | 03 | 5 | 24 | 29 | 04 | | | | |
| 11 | 17 | 22 | 03 | 5-6 | 31 | 5 | 04 | | | | |

| | | | | | | | | Amts. paid |
|---|---|---|---|---|---|---|---|---|
| 5 | 19 | $24 $20 | | | | | | |
| 6 | 23 | 28 $ 300 + 100 + 400 | | | | | | |
| 8 | 8 | $300 +100 | | | | | | |
| 8 | 9 | $400 | 03 | 2 | 6 | $400 | 04 | |
| 8 | 18 | $200 | 03 | 2 | 14 | $400 | 04 | |
| 8 | 23 | $200 | 03 | 2 | 23 | $400 | 04 | |
| 8 | 30 | $200 | 03 | 3 | 1 | $200 | 04 | |
| 9 | 6 | $200 | 03 | 3 | 13 | $200 | 04 | |
| 9 | 15 | $200 | 03 | 3 | 20 | $400 | 04 | |
| 9 | 20 | $200 | 03 | 3 | 27 | $400 | 04 | |
| 9 | 22 | $400 | 03 | 4 | 3 | $400 | 04 | |
| 9 | 29 | $200 | 03 | 4 | 9 | $400 | 04 | |
| 10 | 3 | $200 | 03 | 4 | 17 | $400 | 04 | |
| 10 | 4 | $400 | 03 | 4 | 24 | $400 | 04 | |
| 10 | 11 | $200 | 03 | 5 | 1 | $400 | 04 | |
| 10 | 24 | $600 | 03 | 5 | 12 | $400 | 04 | |
| 11 | 7 | $400 | 03 | 5 | 17 | $400 | 04 | |
| 11 | 10 | $400 | 03 | 6 | 4 | $200 | 04 | |
| 11 | 17 | $400 | 03 | 6 | 7 | $200 | 04 | |
| 11 | 21 | $400 | 03 | 6 | 11 | $400 | 04 | |
| 11 | 22 | $400 | 03 | 6 | 25 | $400 | 04 | |
| 11 | 24 | $400 | 03 | 7 | 5 | $400 | 04 | |
| 11 | 26 | $400 | 03 | | | | | |
| 12 | 6 | $400 | 04 | | | | | |
| 12 | 15 | $400 | 04 | | | | | |
| 1 | 2 | $800 | 04 | | | | | |
| 1 | 12 | $200 | 04 | | | | | |
| 1 | 23 | $200 | 04 | | | | | |
| 1 | 26 | $400 | 04 | | | | | |
| 1 | 31 | $400 | | | | | | |
| 2 | | | | | | | | |

Exhibit E
Declaration of Amy Carroll

Exhibit F
Declaration of Elizabeth Wagoner

# Exhibit G
## Statement of Damages and
## Unpaid Wage Spreadsheet

# Exhibit H
## Checks Received from Christopher Miu



**CHRISTOPHER MIU, CPA**
133-14 - 39TH AVENUE
FLUSHING, NY  11354

4007

DATE  8/30/06

1-292/260

PAY TO THE ORDER OF  Lucio Mendez                    $ 2862 00

Twenty Eight Hundred Sixty Two 00                    DOLLARS

CATHAY BANK
Member of F.D.I.C.
235 FIFTH AVENUE
NEW YORK, NEW YORK 10016

FOR  Legal Settlement # 1/2

⑈004007⑈ ⑈026002927⑈ 651002150⑈

---

**CHRISTOPHER MIU, CPA**
133-14 - 39TH AVENUE
FLUSHING, NY  11354

4008

DATE  8/30/06

1-292/260

PAY TO THE ORDER OF  Lucio Mendez                    $ 2862 00

Twenty Eight Hundred Sixty Two 00                    DOLLARS

CATHAY BANK
Member of F.D.I.C.
235 FIFTH AVENUE
NEW YORK, NEW YORK 10016

FOR  Legal Settlement # 2/2

⑈004008⑈ ⑈026002927⑈ 651002150⑈

Exhibit I
Judge Karas Order of Dismissal

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lucio Mendez

                Plaintiff,

    -v-

Nooch Inc. *A New York Corporation*
                Defendants.

Case No.06-cv-867 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

      IT APPEARING that it has been reported to the Court that the above

captioned action has been settled,

      IT IS HEREBY ORDERED, that this action is discontinued, without cost,

and without prejudice to reopening if the settlement is not consummated within 30 days.

After 30 days, the discontinuance shall be with prejudice.

SO ORDERED,

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
      September 15 , 2006

Exhibit J
Elizabeth Wagoner Time Logs

Exhibit K
Amy Carroll Time Logs

# Exhibit L
# Proposed Order Granting Default Judgment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

LUCIO MENDEZ,

                           Plaintiff,

                -against-

NOOCH, INC.; RED DOT COM, INC. d/b/a/
Tangerine Restaurant and Café; and SUAN LAY
ONG, a.k.a. Janice Ong,

                        Defendants.

------------------------------------ x

      ECF Case
      Docket Number 07 CV 11174

      **ORDER GRANTING**
      **DEFAULT JUDGMENT**

This action having been commenced on December 12, 2007, with the filing of a

Complaint; a copy of the Summons and Complaint having been duly served on Defendants

Nooch, Inc. and Red Dot Com, Inc.; Plaintiff having filed the Summons and proof of service on

April 8, 2008; said Defendants having failed to appear or other otherwise defend in this action,

and the time for said defendants to appear or otherwise defend this action having expired, and

said Defendants' default having been duly noted by the Clerk of the Court on April 25, 2008,

now, on motion of Elizabeth Wagoner, attorney for Plaintiff:

      It is hereby ORDERED and ADJUDGED that Plaintiff Lucio Mendez does recover of

Defendant Red Dot Com, Inc., with a corporate address located at 200 E. 89th St. Suite 44-S,

New York, NY 10128, the sum of $27,449.29, the amount claimed of unpaid wages and

liquidated damages, plus interest in the sum of $9,885.49, and attorneys fees in the sum of

$7,940.00, amount in all to the sum of $45,274.78; and, that the plaintiff have execution therefor.

It is further ORDERED and ADJUDGED that Plaintiff Lucio Mendez does recover of

Defendant Nooch, Inc., with a corporate address located at 143 Eighth Avenue, New York, NY

10011, the sum of $7,673.21, the amount claimed of unpaid wages and liquidated damages, plus

interest in the sum of $228.90, and attorney fees in the sum of $7940.00, amount in all to the sum

of $15,842.11; and, that the plaintiff have execution therefor.


Dated: New York, New York

June ___, 2007


By: _____

U.S.D.J.



This document was entered

on the docket on _____.

# Exhibit M
## Clerk's Certificate

*STANTON /S*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUCIO MENDEZ,

                    Plaintiff,

             -against-

NOOCH, INC.; RED DOT COM., INC d/b/a/
Tangerine Restaurant and Café and SUAN LAY
ONG, a.k.a. Janice Ong,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

ECF Case
Docket Number 07 CV 11174 *(LLS)*

**CLERK'S CERTIFICATE**

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on December 12, 2007 with the filing of a summons and complaint. Duplicate copies of the summons and complaint, together with the statutory fee, were served on Defendant Red Dot Com, Inc. on 3/24/2008 by personal delivery to and leaving with an agent authorized by the secretary of state to receive service, Donna Christie, at the office of the department of state in the city of Albany, pursuant to Business Corporation Law § 306. Proof of such service thereof was filed on 4/8/2008. Duplicate copies of the summons and complaint, together with the statutory fee, were served on Defendant Nooch, Inc. on 3/24/2008 by personal delivery to and leaving with an agent authorized by the secretary of state to receive service, Donna Christie, at the office of the department of state in the city of Albany, pursuant to Business Corporation Law § 306. Proof of such service thereof was filed on 4/8/2008.

      I further certify that the docket entries indicate that Defendants Red Dot Com, Inc. and Nooch, Inc. have not filed an answer or otherwise moved with respect to the complaint herein. The default of Defendants Red Dot Com, Inc. and Nooch, Inc. is hereby noted.

Dated: New York, New York

       April 25, 2008

                            **J. MICHAEL MCMAHON**

                            Clerk of the Court

                            By: 

                               Deputy Clerk