UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
LUCIO MENDEZ,                                                  :
:
               Plaintiff,                 :
:
-against-                                                      :
:   ECF Case
NOOCH, INC.; RED DOT COM, INC. d/b/a/                          :   Docket Number 07 CV 11174 (LLS)
Tangerine Restaurant and Café; and SUAN LAY                    :
ONG, a.k.a. Janice Ong,                                        :
:
               Defendants.                :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>**


                                                  Elizabeth Wagoner (EW 2101)
                                                  Amy Carroll (AC 5640)
                                                  MAKE THE ROAD NEW YORK, INC.
                                                  301 Grove Street
                                                  Brooklyn, New York 11237
                                                  (718) 418-7690 x224

                                                  *Attorneys for Plaintiffs*

# TABLE OF AUTHORITIES

## CASES

*Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)

*Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343 (2d Cir. 1995).

*D. A. Schulte v. Gangi*, 328 U.S. 108 (1946)

*DeBraska v. City of Milwaukee*, 11 F. Supp. 2d 1020 (E.D. Wisc. 1998).

*Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. Mar. 19, 2008)

*Jarrard v. Southereastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947).

*Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (2005).

*Lynn's Food Stores v. United States*, 679 F.2d 1351 (11th Cir. 1982)

*Manning v. New York University*, 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. Aug. 21, 2001)

*Monahan v. New York City Dep't of Corrections*, 214 F.3d 275 (2d Cir. 2000).

*Mendez v. Nooch, Inc.*, SDNY 1:06-cv-00867 (KMK)(DCF)

*Sampaio v. Boulder Rock Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007)

*Tuan Le v. Sita Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 20786 (E.D.N.Y. Mar. 13, 2008)

*Tuan Le v. Sita Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 46174 (E.D.N.Y. Jun. 12, 2008).

*Urbino v. Puerto Rico Ry. Light & Power Co.*, 164 F.2d 12 (1st Cir. 1947).

## STATUTES

29 U.S.C. 201 *et seq.*

**PRELIMINARY STATEMENT**

This is an action for unpaid wages and damages for work performed by Plaintiff at two New York City restaurants owned by Defendants. As described in Plaintiff's moving papers, the Defendants significantly underpaid Plaintiff for his work at Nooch Restaurant (owned by Defendant Nooch Inc.) and Tangerine Restaurant (owned by Defendant Red Dot Com, Inc.). Although Plaintiff routinely worked between 74 and 111 hours per week, Defendants typically paid him only $400 per week – an effective hourly rate as low as $3.60, well below the minimum wage and with no overtime premium. Towards the end of his employment at Nooch, Inc., Plaintiff often went for weeks at a time without receiving any wages at all. In total, Defendant Nooch Inc. owes Plaintiff $7,902.11 in unpaid wages, damages, and interest. Defendant Red Dot Com, Inc. owes Plaintiff $37,334.78 in unpaid wages, damages, and interest. Plaintiff moves for entry of default judgment in these amounts against Defendants Nooch Inc. and Red Dot Com, Inc., respectively, who have defaulted in this action.

**PROCEDURAL HISTORY**

In 2006 and by prior counsel, Plaintiff filed suit in the Southern District against Defendant Nooch, Inc. to recover unpaid wages owed for his work at Nooch restaurant. *See Mendez v. Nooch, Inc*., SDNY 1:06-cv-00867 (KMK)(DCF). The 2006 suit did not raise any allegations concerning his work at Red Dot Com, Inc., all of which he performed before he worked at Nooch, Inc.. Although Plaintiff's claim against Defendant Nooch, Inc. was worth over $50,000 at the time, the parties settled the case for $2,862 in wages and $2,862 in damages owed under federal law. Wagoner Decl. ¶ 18. (*See* Exhibit H annexed to original motion). The Court then ordered a discontinuance of the action with prejudice and the case was closed. Wagoner Decl. ¶ 19. (*See* Exhibit I annexed to original motion). On information and belief, the

3

Court never had the opportunity to review the settlement agreement itself, review the wages and damages claimed compared to the settlement amount, or hear from the parties at a conference concerning the disputed issues in the case or the reasons for the low settlement amount.

On December 12, 2007, Plaintiff commenced the present action against the two corporate defendants and against Janice Ong, the individual owner of both companies, to recover the remainder of the wages and damages owed by Defendant Nooch, Inc. and to recover all wages owed by Defendant Red Dot Com, Inc.[1] Plaintiff indicated on the civil cover sheet that this case was related to the 2006 case. The Clerk of the Court referred the case to Judge Karas as potentially related. After Judge Karas declined the case as not similar, the case then returned to the wheel and was assigned to Judge Stanton.

The two corporate defendants failed to answer or otherwise appear in the action. The Clerk of the Court noted the default of Defendants Nooch, Inc. and Red Dot Com, Inc. on April 25, 2008 and Plaintiff then moved for entry of a default judgment for unpaid wages, liquidated damages, interest, and attorneys' fees. Plaintiff offset the settlement amount obtained in the 2006 case from Nooch, Inc. from the wages and damages claimed against Nooch. With his motion papers, Plaintiff included a detailed accounting of the calculations of, and basis for, the damages claimed.

Judge Stanton referred the matter to Judge Ellis for report and recommendation with respect to two narrow legal issues: (1) how to apportion the award of attorneys' fees as between the two defendants and (2) the effect of the partial settlement of Plaintiff's wage claim as to Defendant Nooch, Inc. in a prior litigation.

---

[1] Plaintiff has been unable to locate or serve Defendant Ong in this action. Therefore, the present motion for a default judgment concerns only the two corporate defendants.

4

At argument on the issue before Judge Ellis, Counsel proposed that the attorneys' fees awarded in the case be divided proportionally as between the two corporate defendants after the Court determines the total judgment as to each. Judge Ellis indicated that this would be a satisfactory resolution of the first issue. Counsel then offered to provide the Court additional briefing as to the second issue. Plaintiff now submits this supplemental memorandum of law as to the second issue.

## LEGAL ARGUMENT

Plaintiff's settlement of the 2006 case against Nooch Inc. for a partial award of wages and damages owed does not bar Plaintiff from proceeding in the current action as to Nooch, Inc. nor from proceeding as to Red Dot Com, Inc., an entity not named or implicated in the prior litigation. As discussed below, private settlements of litigation under the Fair Labor Standards Act ("FLSA") are valid and binding only if first scrutinized by the court to ensure compliance with the law and fairness between the parties. Absent such a fairness review, a private settlement for less than the total wages and damages owed is not final or binding and thus cannot preclude an employee from seeking to recover the remaining wages and damages guaranteed by FLSA.

**I.     Waivers of FLSA Claims Not Valid Absent Fairness Review Conducted by Court**

The Fair Labor Standards Act requires that waivers of claims for statutorily-mandated wages and liquidated damages are valid only when (1) the settlement is supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c) or (2) a court conducts an in-depth review of the proposed settlement to guarantee its fairness. These limits on an employee's ability to waive FLSA claims reflect Congress's goal to "secure the lowest paid segment of the Nation's workers a subsistence wage." *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946). *See also*

*Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 704 (1945) (waiver of liquidated damages not valid or preclusive when compromised in absence of bona fide dispute as to coverage or wages due). Courts recognize that the inequality of bargaining power between employers and employees requires that courts police waivers of FLSA rights to ensure that employees are not pressured to accept less than the statutory minimum guaranteed by law. *See*, *e.g.*, *id.* at 706.

Notably, the provision for judicial supervision of settlements is not found in the text of FLSA itself, but is instead a creature of case law. *See Schulte*, 328 U.S. at 113 n.8; *see also Manning v. New York Univ.*, 2001 U.S. Dist. LEXIS 12697, *35-*40 (S.D.N.Y. Aug. 22, 2001) (discussing development of law concerning waivers of FLSA claims). In *Schulte*, the Court held that an out-of-court waiver of damages did not bar employees from later filing suit to recover those damages guaranteed under FLSA. 328 U.S. at 115-16. A footnote in *Schulte*, however, did suggest that private settlements, when made in the context of bona fide disputes as to coverage or wages owed, were permissible when submitted to a court of competent jurisdiction for review. 328 U.S. at 113, n.8.

Relying on the *Schulte* footnote, courts have developed a specific process to review and approve settlements of FLSA claims. *See, e.g.*, *Lynn's Food Stores, Inc. v United States Dep't of Labor, Employment Standards Admin. Wage and Hour Div.*, 679 F.2d 1350 (11th Cir. 1982); *Urbino v. Puerto Rico Ry. Light & Power Co.*, 164 F.2d 12 (1st Cir. 1947). In *Lynn's*, the Eleventh Circuit emphasized that judicial approval of FLSA settlements is appropriate only when a court has the opportunity to "scrutinize" the settlement to ensure that it "reflect[s] a reasonable

6

compromise of issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's*, 679 F.2d at 1353, 1354. Such a determination necessarily requires that the court be presented with information as to the disputed issues in the case, the calculation of the wages demanded, and the reason for a compromise for less than that amount.

More recent opinions elaborate on the proper approach for courts to take when reviewing FLSA settlements. *Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. Mar. 19, 2008); *Sampaio v. Boulder Rock Creek*, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007). For example, in *Sampaio*, the court approved the settlement after reviewing the application by the parties, which detailed the terms of the settlement and the reasons for the compromise. The court noted that the settlement amount was fair and reasonable in light of the fact that there was "little to no documentation of the hours that plaintiff worked each week, the parties differed widely as to the number of hours that plaintiff actually worked, and [because of ] the respective burdens the parties face with respect to their claims and defenses." *Id.* at *3.

In *Elliott*, the court ordered that plaintiffs produce additional support for the proposed settlement, including exhibits, to allow the court to undertake an appropriate fairness review. In approving the settlement, the court gave a detailed accounting of the facts of the case, the disputed issues between the parties, and the fact that the defendants lacked resources to pay a full judgment (as evidenced by a review of their tax returns). The court concluded that the plaintiff had "sufficiently supported his [Settlement] Agreement and demonstrated that it represent[ed] a fair and equitable settlement of his bona fide dispute with his employer." *Elliott v. Allstate Investigations, Inc.*, 2008 U.S. Dist. LEXIS 21090 at *5.

Indeed, courts have not hesitated to deny approval of a proposed settlement when there is insufficient evidence before the court as to the agreement's fairness. *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 20786 (E.D.N.Y. Mar. 13, 2008). In *Tuan Le*, the court noted that:

> In this case, the Court does not have enough information before it to determine whether there is a bona fide dispute over coverage and whether the settlement agreement represents a fair and reasonable resolution of these disputes. Although Defendant states that Plaintiff is unsure whether he will meet his burden under the FLSA, that statement alone is not enough for the Court to find that there is actually a dispute over coverage. It is unclear from the documents submitted what the nature of the parties' dispute is over Plaintiff's coverage under the FLSA, and how the proposed settlement amount represents a fair resolution of the dispute.

*Id.* at *2-*3. The court ordered the parties to submit affidavits addressing those issues "so that the Court may properly address the fairness of the proposed settlement." *Id.* After review of those submissions, the court subsequently approved the settlement and dismissed the case. *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 46174 (E.D.N.Y. Jun. 12, 2008).

As noted above, the court had no opportunity to conduct the required fairness review before dismissing the 2006 case against Nooch, Inc.. The court order dismissing the case makes no mention of the nature of the claims, the disputed issues between the parties, or the amount of the settlement. There is no indication on the docket report of the 2006 case, nor in the order itself, that the settlement agreement was ever submitted for court review. Further, there is no indication that the parties appeared in court to present the facts of the case, the issues in dispute, or the justification for settling the claim for approximately $1/10^{th}$ of its value. As such, the 2006 settlement is not a valid or binding waiver of Plaintiff's claims against Nooch Inc.

**II.     Settlement Not Subjected to Fairness Review Does not Have Preclusive Effect**

Although settlement of a case with prejudice typically prevents litigation of the same claims in subsequent actions, such a rule is not triggered when a FLSA claim is settled without appropriate judicial scrutiny of the settlement for fairness. In general, res judicata prevents subsequent litigation of a claim when "1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000). Typically, dismissal of a case with prejudice following a settlement reached by the parties is considered an adjudication on the merits. *See, e.g., Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995). Indeed, in the typical case, a court need only indicate that the dismissal is "with prejudice," without making findings of fact, for the dismissal to act as a bar against subsequent actions. *See*, *e.g.*, *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (2005).

However, FLSA prohibits this shorthand form of adjudicating the merits of a claim. Instead, FLSA mandates that an adjudication on the merits, through settlement and dismissal of a case, can only occur after the court has undertaken the type of in-depth fairness review described above. Where there is no fairness review, a FLSA claim is not validly waived. Thus, there cannot have been a determination on the merits and res judicata would not be triggered.

There are no reported cases directly on point to the procedural posture presented by the instant case. However, when holding that res judicata bars subsequent FLSA litigation, courts emphasize that this is proper only because the prior FLSA settlements were subjected to rigorous judicial scrutiny prior to dismissal. For example, the Fifth Circuit held that a settlement for wages but no damages, which was subjected to a fairness review in a state court action,

9

precluded employees from filing suit in federal court to recover the unpaid damages. *Jarrard v. Southereastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947). In reaching this conclusion, the Fifth Circuit highlighted the exhaustive analysis performed by the state court in approving the settlement of that action. *Id.* at *1-*2. The parties hotly disputed the amount of hours at issue and thus the wages owed. *Id.* In resolving the issue of the proper amount of unpaid wages, the court reviewed all pleadings in the case as well as additional statements of witnesses for both parties. *Id.* Because the court-ordered settlement was based on extensive evidence submitted by both sides, the *Jarrard* court determined that it was proper to give it res judicata effect against the federal action. *Id.* at *3; *See also Urbino*, 68 F. Supp. 841, 843 (D. Pr. 1946) (applying res judicata to subsequent litigation when settlement of first action was based on extensive stipulated facts between parties evidencing bona fide disputes as to coverage and meritorious defenses by defendants), *aff'd Urbino*, 164 F.2d 12 (1st Cir. 1947).

In another case, a district court found that res judicata precluded subsequent litigation of a FLSA claim that had previously been settled after extensive judicial review. *DeBraska v. City of Milwaukee*, 11 F. Supp. 2d 1020, 1027-28 (E.D. Wisc. 1998). There, the previous lawsuit had involved extensive court review of a highly developed record prior to approving the settlement. *Id.* at 1026. Indeed, the court emphasized that application of res judicata was appropriate because the parties to the first case "did not merely negotiate among themselves and enter into a private settlement, sending a simple stipulation and order for dismissal to the court. They instead engaged in mediation before the special master and sought the court's approval of their terms of settlement and the court's implementation of those terms. That these terms were embodied in the court's order is also important." *Id.* at 1027.

Application of res judicata, therefore, is appropriate only when the court in the prior action engaged in the type of extensive fairness review outlined above. In the instant case, the court in the 2006 action did not have the relevant facts before it to permit the type of fairness review mandated by law. Absent this fairness review, Plaintiff's FLSA claim against Nooch, Inc. was not adjudicated on the merits. For the policy reasons discussed above, the 2006 settlement as to Nooch, Inc. therefore cannot bar Plaintiff's litigation of his claim against that party.

## CONCLUSION

For the foregoing reasons, Plaintiff's settlement of prior FLSA litigation against Nooch, Inc. without judicial review does not bar him from pursuing payment of the remaining unpaid wages and damages in the present action.

Dated: Brooklyn, New York
August 13, 2008

                                           Respectfully Submitted,
                                           MAKE THE ROAD NEW YORK, INC.
                                           Attorneys for Plaintiffs
                                           301 Grove Street
                                           Brooklyn, New York 11237
                                           (718) 418-7690

                                               /s/
                                           By: Elizabeth Wagoner (EW 2101)



August 13, 2008

<u>VIA ECF</u>

Honorable Ronald L. Ellis
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1970
New York, NY 10007

    Re: *Re: Mendez v. Nooch, Inc. et al, 07 CV 11174 (LLS)(RLE)*

Dear Judge Ellis:

Attached is Plaintiff's Supplemental Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Judgment. Plaintiff is also serving copies of this Memorandum on all defendants at their last know addresses. Counsel for Plaintiff are available to appear for additional argument on the matter if the Court so wishes.

            Sincerely,

            Elizabeth Wagoner
            (718) 565-8103 x 25

cc: Nooch, Inc.
   143 8th Ave.
   New York, NY 10011

   Red Dot Com, Inc.
   200 E. 89th St. Suite 44-S
   New York, NY 10128

   Suan Lay Ong
   143 8th Ave.
   New York, NY 10011

www.maketheroadny.org

| 301 GROVE STREET | 49-06 SKILLMAN AVENUE | 71-24 ROOSEVELT AVENUE | 479 PORT RICHMOND AVENUE |
| --- | --- | --- | --- |
| BROOKLYN, NY 11237 | WOODSIDE, NY 11377 | JACKSON HEIGHTS, NY 11372 | STATEN ISLAND, NY 10302 |
| TEL 718 418 7690 | TEL 718 565 8500 | TEL 718 565 8103 | TEL 718 727 1222 |
| FAX 718 418 9635 | FAX 718 565 0646 | FAX 718 651 3828 | FAX 718 981 8077 |